Per Curiam.

It is a strong argument against the admission of the evidence offered by the defendant at the trial of this cause, that, in the whole history of actions * for slander, of which the books are so full, this point does not appear to have been ever taken. Indeed, on principle, independent of the authority which the silence suggested implies, we think the evidence inadmissible. The words charged are in themselves actionable, and the jury are the proper judges of the damages. The evidence has no bearing on the temporal consequence of the crime. It would *241 indeed be a singular defence, in a criminal prosecution for perjury, that the person charged with the crime was an atheist.
On the other ground, too, that this evidence was a surprise upon die plaintiff, it was properly rejected by the judge. By commencing this action, the plaintiff put his general reputation at issue. He must be prepared to repel by evidence any attack on his character at large. But evidence of particular facts, however, if proved, it might affect his general standing in society, is not to be received. The particular offered in evidence had no tendency to make it more probable that the plaintiff had committed perjury, or to show it less injurious on the part of the defendant to have charged him with it.

Motion for a new trial overruled.