## Williams *against* Brobst.

The holder of a negotiable note, by an agreement with the maker, and for a valuable consideration, extended the time for its payment, and afterwards endorsed the same to a third person without giving notice of such agreement: *Held*, that he was liable to the endorsee, without demand of payment from the maker, protest or notice.

ERROR to the common pleas of *Columbia* county.

Christian Brobst, endorsee of David Williams, against David Williams. The plaintiff's cause of action was thus declared upon:

" David Williams, late of the county aforesaid, was summoned to answer Christian A. Brobst of a plea of trespass on the case, &c. And whereupon the said Christian, by James Pleasants, his attorney, complains that whereas a certain Azariah Davis, heretofore, to wit, the 11th day of August in the year 1837, at Columbia county aforesaid, did make his certain note, in writing, with his proper hand subscribed, bearing date the day and year last aforesaid, and by the same note, the said Azariah Davis, then and there promised to pay the said David Williams, or his order 50 dollars, on or before the 1st November, (meaning the 1st November then next ensuing,) for value received. And whereas, the aforesaid David Williams, afterwards, to wit, on the 1st day of September, A. D. 1837, at Columbia county aforesaid, (the aforesaid 50 dollars in the note aforesaid mentioned to him being unpaid,) by his certain endorsement, with his proper hand on the note aforesaid made, did order and appoint the contents of the same note, to wit, the said 50 dollars, to be paid to the said Christian A. Brobst, for value received; and the said Christian in fact saith, that after the said endorsement, so as aforesaid made, to wit, on the 1st day of November, A. D. 1837, at Columbia county aforesaid, he, the said Christian, did show the note aforesaid, and the endorsement aforesaid thereon made to the aforesaid Azariah Davis, and then and there requested the said Azariah to pay the contents of the said note, to wit, the said 50 dollars, to the said Christian A. Brobst, according to the tenor of the said note and the said endorsement thereon; but the said Azariah Davis, the said 50 dollars, or any part thereof, to the said Christian A. Brobst, hath not paid, but the same to him to

pay, or him for the same in any wise to content, hath altogether re-
fused.    And the said plaintiff avers, that the said David Williams,
at the time of the date of the said note, to wit, on the 11th day of
August, A. D. 1837, and after the same had been delivered to him
by the said Azariah Davis, did promise, grant and agree to and
with the said Azariah, a valuable consideration him thereunto
moving, that he, the said Azariah, should not be required to pay
the said 50 dollars, at the time in the said note specified and fixed
for the payment thereof, to wit, on the 1st day of November afore-
said, and that he, the said Azariah, would not be required to make
payment of the said 50 dollars before the 1st day of November in
the year 1838, of which promise and agreement the said plaintiff
was then and there, and until after the said promissory note was by
the endorsement aforesaid transferred to, and taken by him, the
said plaintiff, he, the said plaintiff, was wholly ignorant and unin-
formed.    By reason of which premises, and by the said endorse-
ment, the aforesaid David Williams became chargeable to pay to
the said Christian A. Brobst, the aforesaid 50 dollars, in the said
note mentioned, when he, the said defendant, should be thereunto
afterwards requested, and being so chargeable, the aforesaid David
Williams, in consideration thereof, afterwards, to wit, on the 1st
day of November first aforesaid, at the county aforesaid, upon him-
self did assume, and to the said Christian, then and there, faithfully
did promise, that he, the said David Williams, the aforesaid 50 dol-
lars, to the same Christian A. Brobst, when thereunto afterwards
he · should be required, would well and truly pay and content.
Nevertheless, the said David Williams, his said several promises
and undertakings not regarding, but contriving and fraudulently
intending, craftly and subtly to deceive and defraud the said Chris-
tian A. Brobst, in this behalf, hath not as yet paid the said sum of
50 dollars, nor any part of it, to the said Christian, although often
requested so to do.    But the said David Williams, to pay the same
to the said Christian, hath hitherto wholly neglected and refused,
and still doth neglect and refuse,· to the damage of the said Chris-
tian A. Brobst of 90 dollars, and thereof he brings suit," &c.

A verdict was rendered for the plaintiff by the direction of the
court below, (Lewis, president,) who instructed the jury, that under
the circumstances of the case, as proved, no demand of payment,
protest or notice was necessary.

Upon a motion in arrest of judgment, the following reasons were
filed:—

1. There is no cause of action set out in the plaintiff's declara-
tion.

2. Because it is not stated in the declaration, that the defendant
had any notice of any demand on Azariah Davis, the drawee, and
of the non-payment of the note in the said declaration mentioned.

3. Because it is not stated in the declaration, that any demand
was made on Azariah Davis, the drawer, on the 4th day of Novem-

ber, A. D. 1837, when the said note became due, but the demand was made previously, to wit, on the 1st day of November, A. D. 1837.

The court overruled the motion and entered a judgment upon the verdict. The same errors were assigned here.

*Comley*, for plaintiff in error, cited *Chitty on Bills* 466, 162; 3 *Camp.* 47; *Doug.* 679; 5 *Serg. & Rawle* 321; 8 *Watts* 401.

*Pleasants* and *Bellas*, for defendant in error, cited 1 *Rawle* 199; *Chitty on Bills* 467; 8 *Har. & Johns.* 381; 9 *Curry* 124; 1 *Serg. & Rawle* 334; 5 *Mass. Rep.* 172; *Chitty on Bills* 162, 473; 5 *Vermont Rep.* 114; 9 *Mass. Rep.* 1; 4 *Cran.* 141; 15 *East* 216; 12 *East* 171; 5 *Whart.* 576; 1 *Johns. Cas.* 99; *Chitty on Bills* 390, note 3; 10 *Wend.* 304; 4 *Devereux's Rep.* 161.

The opinion of the court was delivered by

KENNEDY, J.—This is an action brought against the plaintiff in error, as the endorser of a negotiable promissory note, by the defendant in error, as his immediate endorsee, and the only question raised by the errors assigned, seems to be, whether sufficient cause be set forth in the declaration for dispensing with a presentment of the note, by the plaintiff below to the maker thereof, for payment at the time it fell due, according to its tenor, and also with the giving of notice to the defendant below, by the plaintiff of the non-payment of the note by the maker. The note, upon its face, appears to have been made payable on the 1st day of November 1837; and, according to the statement contained in the declaration, was endorsed and passed by the defendant below, to the plaintiff, for a valuable consideration received of the latter, before the time at which it was to become payable according to its tenor, and as a note that would become due at the time therein mentioned. But it is further alleged in the declaration, that the defendant below, after receiving the note from the maker, and before he passed it by endorsement to the plaintiff below, for a *valuable consideration* received of the maker, agreed to forbear payment thereof, until the 1st of November 1838, one year after the time mentioned in the note for that purpose: and that he passed the note to the plaintiff below, who was altogether ignorant of this agreement, without advising him of it. It is true, that the consideration for this agreement is not specially set forth or mentioned in the declaration; and it may therefore be that on special demurrer, if not on a general one, it would have been considered a fatal defect; but no exception having been taken to the declaration on this account till after verdict, it is fair to presume that on the trial a valuable and sufficient consideration was proved for making this agreement, whereby the payment of the note was to be postponed one year beyond the time mentioned on its face, which the plaintiff below,

[Williams v. Brobst.]

when he took the note, was induced to believe from its purport, and the concealment by the defendant of his agreement made to the contrary, would be the time at which it would become payable. These facts being all proved on the trial, as we must now take it, showed clearly that the defendant below had not dealt fairly with the plaintiff in passing the note to him as he did. That he had in fact committed a fraud upon the plaintiff below, by suppressing the agreement which he had previously made with the drawer of the note, postponing the day of its payment. This was certainly a very important circumstance, because it rendered the note of less value, and ought therefore to have been disclosed by the defendant below to the plaintiff, at the time he offered to endorse it to him. After having made such an agreement with the maker of the note, for which he had received a valuable consideration, it would also have been a fraud in him to have permitted the maker to be called on and compelled to pay it, before the time had arrived to which it was agreed between him and the maker the payment of it should be postponed. Upon this ground, therefore, he had no right to require that the drawer should be called on first for payment, as soon as the note, according to its terms, became payable; but on the contrary, was bound himself, in justice to the maker, to have prevented it, by calling upon the plaintiff and paying the amount thereof; so that the maker should have the benefit of the indulgence agreed on between them. The situation of the defendant below, may fairly be likened to that of an endorser, who obtains effects or funds of the maker, sufficient to answer the note; in which case it has been held, that he is not entitled to notice, because it would be a fraud in him to call upon the maker, who had thus deposited effects in his hands to answer the amount of his endorsement. Cory *v.* Da Costa, 1 *Esp. Rep.* 303; Barton *v.* Baker, 1 *Serg. & Rawle* 334. Besides, the reason why the law requires that the endorsee of a note or bill shall give notice to the endorser of non-payment, is, that he may take the necessary measures to obtain payment from the party or parties respectively liable to him. Whitfield *v.* Savage, 2 *Bos. & Pull.* 280; Orr *v.* Magennis, 7 *East* 362; Clavidge *v.* Dalton, 4 *M. & S.* 226; Cory *v.* Scott, 3 *Barn. & Ald.* 621, shows, conclusively, that the defendant below had no right to claim notice, because if he had paid the plaintiff, and taken up the note; when at maturity, according to its face, he would have had no right to demand payment of the maker for a year afterwards. It is no objection to this course of reasoning, that the plaintiff below might, notwithstanding the agreement, as he was ignorant of it, when he took the note, for a valuable consideration, in the ordinary course of business, have compelled the maker to pay it as soon as it came to maturity, according to its terms; because it would have deprived the maker of the indulgence which the defendant below was bound to give him; and it does not lie in the mouth of the defendant to say, that he ought not to

[Williams v. Brobst.]

be made liable himself to pay the amount of the note to the plaintiff below, because the latter did not compel payment of the note from the maker, when it would have been a fraud in the defendant below to have permitted it, and not to have prevented it by paying the amount thereof himself.

Judgment affirmed.