## WESTON *v.* GRAVLIN.

### *Trespass. Damages. Evidence.*

In trespass for defacing the walls of a house, breaking windows and window blinds, and firing guns under the windows, in the night time, the defendant, for the purpose of mitigating the exemplary damages which the plaintiff might claim, offered evidence of the reputation of the plaintiff's house. *Held,* not admissible.

In trespass for damages to a house, as the damages were not shown to have affected the reversion, and as they were direct violations of the tenant's right to the enjoyment of the house, it was *held* that he was entitled to recover for the actual damage thereto.

In such case the plaintiff need prove the trespass by a fair preponderance of evidence only, as in other civil cases. Neither the fact that the act complained of might subject the defendant to a criminal prosecution, nor the presumption of innocence, alters the rule.

TRESPASS *qua. clau.* Plea, the general issue. Trial by jury, and verdict for the plaintiff, May Term, 1876, BARRETT, J., presiding.

It appeared in evidence that plaintiff, though not the legal owner of the premises where the alleged trespass was committed, was in possession and occupancy and carrying on the farm, but upon what terms did not appear. The owner of the farm was a witness on behalf of the plaintiff. The plaintiff's evidence tended to show, that on the night of a day named, defendant, with malicious and revengeful motives, went upon the said premises; broke in three of the windows and window blinds of the house thereon, and discharged a gun in the yard near the windows, thereby awakening plaintiff and his servants; and that subsequently, but also in the night time, the walls of the house were defaced by persons hired by the defendant for that purpose, and in pursuance of the same malicious and revengeful design. The defendant offered evidence of the reputation of plaintiff's house, to the admission of which plaintiff objected; and the court excluded it, to which defendant excepted. The defendant requested the court to charge that plaintiff had shown neither injury nor damage for which he was entitled to recover in that action; and that as the

action charged defendant substantially with the commission of a crime, plaintiff must overcome by a fair balance of testimony, not only the evidence introduced by defendant, but also the legal presumption of innocence. The court declined to charge as requested; but charged that the jury were to determine, upon a fair preponderance of evidence, whether the defendant had anything to do with the alleged trespass; that the case was civil, not criminal, and that the rule of evidence in civil cases was to be followed; that as upon the whole evidence the matter seemed the most likely to be, so was their verdict to be; and that if upon the whole evidence, the preponderance was in favor of his having participated in the breaking of the windows, then their verdict should be guilty; otherwise, not guilty. And upon the question of damages the court charged that the plaintiff was entitled to recover the actual damage to the house, but that they were not confined to actual damage; that where the act was wanton and malicious, inspired by a bad motive and for the purpose of making mischief, they were entitled in their discretion and upon all the evidence to give exemplary damages, or damages by way of punishment. To the refusal to charge as requested, and to the charge as given, the defendant excepted.

*J. N. Edminster,* for the defendant.

As the plaintiff might have recovered exemplary damages, the evidence of the reputation of his house, offered by the defendant, was admissible in mitigation of such damages. Evidence of all facts and circumstances which can give the jury any information upon the condition and real situation of the subject-matter of an action for a malicious injury, is admissible for their consideration upon the question of damages. *Huckle* v. *Money,* 2 Wils. 205; *Tullidge* v. *Wade,* 3 Ib. 18; *Shattuck* v. *Hammond,* 46 Vt. 466; *Caldwell* v. *State,* 17 Conn. 467; *Wells* v. *Head,* 4 C. & P. 568; *Abram* v. *Ervin,* 9 Iowa, 87; Sedgw. Dam. 556. The request to the court to charge that the plaintiff should in such cases overcome not only the defendant's evidence but the presumption of his innocence, was correct: *Bradish* v. *Bliss,* 35 Vt. 326. The charge that the plaintiff was entitled to recover the actual damage

to the house was erroneous. He was entitled to recover the damage to his interest therein only. All damage to the immediate possession or enjoyment of real property, can be recovered by the tenant in possession ; but all damages of a permanent nature must be recovered by the landlord. The injury shown in this case was an injury to the reversion, and the charge of the court was not applicable to the case of injury sustained by an occupant. *Hasking* v. *Philips*, 3 Exch. 168; *Gourdier* v. *Cormick*, 2 E. D. Sm. 200 ; Sedgw. Dam. 149.

*Gilbert A. Davis*, for the plaintiff.

This being an action of trespass on the freehold, and plaintiff being in the possession of the premises, he can sustain this action against a wrong doer, and is entitled to recover the actual damages. 1 Hilliard Torts, 525, s. 7 ; Sedgw. Dam. 147, n., 154, n.; *Graham* v. *Peat*, 1 East, 244 ; *Hibbard* v. *Foster*, 24 Vt. 542 ; *Branch* v. *Doane*, 18 Conn. 233, 243 ; *Curtis* v. *Hoyt*, 19 Conn. 154, 158 ; *Chandler* v. *Walker*, 1 Fost. 282. And in this class of cases, in addition to the actual damages, exemplary or vindictive damages may, in the discretion of the jury, be awarded the party if the trespass was wilful or malicious. *Ellsworth* v. *Potter*, 41 Vt. 685 ; *Devine* v. *Rand*, 38 Vt. 621 ; Sedgw. Dam. 148, 534. Such damages are recoverable with the ordinary damages, under the common allegation that the act declared upon was done to the damage of the plaintiff. *Hoadley* v. *Watson*, 45 Vt. 289.

The court properly excluded the evidence offered as to the reputation of plaintiff's house. Sedgw. Dam. 645.

The court properly instructed the jury that they should determine the case upon a fair preponderance of the evidence. *Stanton* v. *Simpson*, 48 Vt. 628 ; *Smith* v. *Wilcox*, 47 Vt. 537.

The opinion of the court was delivered by

POWERS, J. This was an action of trespass on the freehold. On trial it appeared that the plaintiff was in the possession and occupancy of the house in question, but that he was not the legal owner of the house, and the action was brought to recover the damages to his estate or possession. The defendant was a stran-

ger to the title. The plaintiff's evidence tended to show that the defendant broke in three of the windows and window blinds of his house, and defaced the walls of the house, from malicious and revengeful motives.

I. For the purpose of mitigating the exemplary damages that the plaintiff might claim, the defendant offered proof of the reputation of the plaintiff's house, which was rejected. The case does not show the respect in which it was claimed the reputation of the house would bear upon the issue or aid the defence. But assuming that it was a bad reputation sought to be proved, the question arises whether such reputation affects the question of exemplary damages.

Bad reputation is the result of alleged bad acts. It is not the acts themselves, but the stain or history that results from them. By reason of bad acts, the house has come to be reputed a bad house. The offer then was, not to show anything done or attempted on the occasion of the trespass that affected the plaintiff, but that the plaintiff's house was reputed to be a bad house. The right to exemplary damages in the discretion of the jury, is founded in the character of the transaction that constitutes the tort. If the trespass complained of is committed in a high-handed or malicious manner, the aggravating manner of doing the act warrants the allowance of those damages. Therefore any conduct of the plaintiff at the time that may be said to be a part of the *res gestæ* which provokes or induces this wantonness of the defendant, is admissible, as it tends to explain, modify, or mollify the wanton conduct of the defendant.

In *Wilson* v. *Young*, 31 Wis. 574, the rule is thus expressed : " Exemplary damages depend entirely upon the malice of the defendant, and they may be mitigated by proof of the malicious language or conduct of the plaintiff, although the same does not constitute any legal justification of the injury itself." See also *Prentiss* v. *Smith*, 56 Me. 427. But evidence of the conduct of the plaintiff at other times and on other occasions not related to the transaction in question, is not admissible." " If the defendant were permitted to go beyond the transaction that took place at the

time of the assault, the jury would be distracted with a multiplicity of questions and issues." *Mathews* v. *Terry*, 10 Conn. 455. But the bad character of the plaintiff cannot be shown in mitigation of a claim for damages by reason of an assault upon him. *Brown* v. *Gordon*, 1 Gray, 182 ; *Ross* v. *Lapham*, 14 Mass. 275 ; 1 Waterm. Tresp. 244. The same rule applies in trespass to property. 2 Waterm. Tresp. 525. " It is no excuse for entering a dwelling and carrying away property, that the plaintiff kept a bawdy house." *Love* v. *Moynehan*, 16 Ill. 277. " In an action for breaking and entering the house of the plaintiff, and tearing off the outer doors, evidence that a family of lewd females lived there and kept a disorderly house, is not admissible in answer to a claim for exemplary damages." *Perkins* v. *Towle*, 43 N. H. 220.

II. Objection is made that the court gave the jury an erroneous rule in respect to the damages recoverable by the plaintiff. The jury were told that the plaintiff might recover the actual damage to the house. The tenant can only recover such damages as affect his possession and enjoyment of the premises. He cannot ordinarily recover for injuries to the inheritance. For such injuries the reversioner has an action.

But there was nothing shown in this case that the damages suffered were such as affected the reversion. The charge is presumed to have been given in view of and upon the facts that were shown under the respective claims of the parties. The damages disclosed in the exceptions seem to us to be essentially such as went to the injury of the tenant's estate. The breaking of the windows, defacing the walls, and firing of guns, were direct violations of the tenant's enjoyment of the house. He would ordinarily be required to repair such injuries, in order to make the house habitable.

III. Error is also assigned for that the court refused to adopt the defendant's third request to charge. The court told the jury that the plaintiff must prove the trespass against the defendant by a fair preponderance of the evidence. This is the rule in civil cases, and we do not understand that the rule is to be varied be-

cause the act complained of might subject the defendant to a criminal prosecution. The law presumes men innocent when charged with crime ; and when charged in a civil case with acts that make them amenable criminally, the same presumption ex- ists, but this does not vary the measure of proof. If the plaintiff overcomes the defendant's evidence, he overcomes all that the rule requires. This presumption is of no force in such case; or, in other words, it goes down with the defendant's case.

The request would imply that there was an intermediate rule between civil and criminal cases ; but the case of *Bradish* v. *Bliss*, 35 Vt. 326, which the defendant relies upon, denies the existence of such rule. It would have been proper for the court to have called the attention of the jury to the fact that this pre- sumption existed, but it is not error to decline to do so. The court is not obliged to answer every request which counsel may make—to argue the case for them. So long as the law is cor- rectly laid down, no legal wrong is done.

　　Judgment affirmed.