[Civil No. 142. Filed July 2, 1885.]

[ S. C. 7 Pac. 496.]

## P. T. DOWLING, Plaintiff and Respondent, v. WM. R. HUNT, Defendant and Appellant.

1. PLEADING—ACTION AGAINST DRAWER ON BANK CHECK—COMPLAINT MUST ALLEGE EITHER DEMAND AND NOTICE OR FACTS EXCUSING FAILURE.—In a complaint against the drawer of a bank check or bill of exchange, so-called, it is necessary to aver either demand and notice to the drawer of non-payment, or such facts as would excuse demand and notice.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. Reversed.

The facts are stated in the opinion.

J. A. Anderson, for Appellant.

The complaint does not state facts sufficient to constitute a cause of action. The suit is brought on a bank check given by Hunt to plaintiff Dowling. The complaint alleges presentment and non-payment, but fails to allege notice thereof to Hunt, or excuse for not giving notice.

"Unless the complaint contains facts constituting a cause of action a recovery and judgment cannot be sustained." *Barron* v. *Feink,* 30 Cal. 489; citing: *Bartlett* v. *Crozier,* 17 John. 457, 8 Am. Dec. 428.

"The same rules which are established in relation to the necessity of presentment and notice in order to charge the drawers and endorsers of bills of exchange in general apply as well to checks." Daniel on Negotiable Instruments, Sec. 1586.

"In a complaint against the drawer of a bank check, or a bill of exchange, properly so-called, it is necessary to aver either demand and notice to the drawer of non-payment, or such facts, *e. g.*: want of funds at bank, as excuse, demand and notice." *Shultz* v. *Depuy,* 3 Abb. Pr. 252; *Harker* v. *Anderson,* 21 Wend. 40.

Haynes and Stiles, for Respondent.

PINNEY, J.—This action was brought to recover upon a bank check alleged to have been given by appellant to respondent on the Guaranty Trust Bank of Philadelphia, about the month of March, 1883. The complaint alleges that the check was presented for payment about April 1, 1883, and that payment was refused by the bank. Appellant being a non-resident, and the complaint alleging that he has property in this territory, the action is brought here. There was no appearance in the court below on the part of the defendant. Judgment was taken by default, and the case is brought here upon the judgment roll.

It is complained by counsel for appellant that the complaint fails to state a cause of action, for the reason that the complaint fails to allege notice to the drawer of presentment and non-payment. Under our practice, if the complaint fails to state a cause of action, a recovery and judgment cannot be sustained. The giving of a check on a bank transfers at once the amount of funds called for by the check from the drawer to the drawee, when the drawer has funds at the bank, and if the bank refuses to pay for any cause, the drawer is entitled to notice, so he may inquire into the cause of such refusal.

In a complaint against the drawer of a bank check or bill of exchange, so called, it is necessary to aver either demand, and notice to the drawer of non-payment, or such facts as would excuse demand and notice. *Shultz* v. *Depuy,* 3 Abb. Pr. 252.

We are of the opinion that the complaint fails to allege facts sufficient to constitute a cause of action, and for this reason the judgment will be reversed and cause remanded.

Howard, C. J., and Fitzgerald, J., concur.