# DELIA A. LINDLEY v. JAMES S. LINDLEY.

MAY TERM, 1896.

*Divorce for adultery. Presumption of innocence weighed as in civil case.*

To justify the granting of a divorce on the ground of adultery the evidence must be sufficient to overcome the presumption of innocence, but need not eastblish the commission of the crime beyond a reasonable doubt.

Petition for divorce. Heard at the December term, 1895, Bennington county, MUNSON, J., presiding. The court granted the bill on the ground of adultery. The defendant insisted that the offense must be made out beyond a reasonable doubt. The court held that the presumption of innocence should be weighed as in a civil proceeding. To this holding the defendant excepted.

*W. B. Sheldon* for the defendant.

The measure of proof required is the same as in a criminal proceeding. *Burton* v. *Thompson*, 45 Iowa 30; *Thayer* v. *Boyle*, 30 Me. 475; *McConnell* v. *Del. Mut. Safety Ins. Co.*, 18 Ill. 228; *Butman* v. *Hobbs*, 35 Me. 227; *Thurtell* v. *Beaumont*, 8 Eng. Com. Law 337; *Berkmans* v. *Berkmans*, 17 N. J. Eq. 453; *Warner* v. *Commonwealth*, 2 Va. Cas. 105; *Enis* v. *Lindley*, 38 Iowa, 461; *Freeman* v. *Freeman*, 31 Wis. 235; 1 Bishop, Mar.

and Div., s. 441; 1 Bish., Crim. Pro., s. 1046; 1 Green, Ev., s. 65; *Gould* v. *Gould*, 2 Aik. 180.

*C. H. Darling* for the petitioner.

A suit for divorce is a civil suit, and the measure of proof is that required in other civil proceedings. 2 Kent Com. 100; 2 Bishop, Mar., Div. and Sep., s. 762; *Humphrey* v. *Humphrey*, 7 Conn. 116; *Clark* v. *Clark*, 10 N. H. 380; *Allen* v. *Allen*, 101 N. Y. 658; *LeBarron* v. *LeBarron*, 35 Vt. 365.

ROSS, C. J. The only question presented is the measure of proof required in a divorce proceeding to establish the cause of adultery. It is a civil proceeding to determine the relation and the rights of the parties under, and to, the marriage contract. The violation of it, charged, is a crime under the laws of this state. Whatever may be the measure of proof required to establish such a charge in a civil proceeding, in other jurisdictions, for many years, in this state, the measure of proof required, has been that adopted by the county court,—a preponderance of the testimony, weighing the presumption of innocence in favor of the party accused. *Bradish* v. *Bliss*, 35 Vt. 326; *Stanton* v. *Simpson*, 48 Vt. 628; *Weston* v. *Gravlin*, 49 Vt. 507. We do not understand that any different measure of proof is announced in *Gould* v. *Gould*, 2 Aik. 180. If so, it has never been followed, in practice, to the recollection, or knowledge of any member of this court. But the rule there announced, as we understand it, not to grant a divorce on the uncorroborated testimony of the petitioner, or admissions of the petitionee. has always been followed, and especially when the cause alleged is a crime, in opposition to which the presumption of innocence is to be weighed. This rule rests upon the reason there stated, that the public, and frequently minor children, are interested in proceedings affecting marital re-

lations, and also upon the ground that in such proceedings generally the trial court hears only the petitioner's side of the case. *Foster* v. *Redfield*, 50 Vt. 285; *Richardson* v. *Richardson*, 50 Vt. 119.

*Judgment affirmed.*

Taft, J., being absent in county court, did not sit.