## Winona L. Taft *v.* Russell W. Taft.

### May Term, 1907.

Present: Rowell, C. J., Tyler, and Munson, JJ., and Taylor, Su-
perior J.

Opinion filed September 14, 1907.

*Divorce—Adultery—Circumstantial Evidence—Probative Force
—Hired Detectives—Credibility.*

In either a civil or a criminal case, adultery may be proved by mere
circumstantial evidence; the only requisite being that the proved
circumstances be such as to lead the guarded discretion of a rea-
sonable and just man to conclude, with the degree of certainty re-
quired by law, that the alleged act was committed.

In a suit for divorce on the ground of adultery, evidence of other oc-
casions besides those relied upon, whether prior or subsequent
thereto, is admissible to show an adulterous disposition.

In a suit for divorce on the ground of adultery, though the testimony
of private detectives, hired by the petitioner to watch her hus-
band with a view to learning facts upon which to base a suit
for divorce, should be regarded with much suspicion, especially
where it does not appear that their pay is not dependent on
the effect of their testimony, still it cannot be said that such wit-
nesses are always entitled to only slight credibility, or that a di-
vorce should never be granted upon their uncorroborated testi-
mony.

The correct rule is that such testimony is to be weighed like other
testimony, tried by the same tests, and the fact that it is given
by a hired witness considered by the triers, and this Court will
not assume that it was not so weighed and considered.

Petition for Divorce, on the grounds of adultery and in-
tolerable severity. Tried at the September Term, 1906, Frank-
lin County, *Watson,* J., presiding. Divorce granted on the
ground of adultery. The petitionee excepted to the judgment
for that it was not warranted by the facts found by the court.
The opinion sufficiently states the case.

*Russell W. Taft* and *V. A. Bullard* for the petitionee.

The rule in Vermont is that adultery must be proved by a preponderance of testimony, weighing the presumption of innocence in favor of the party accused. *Lindley* v. *Lindley,* 68 Vt. 421. "In an action for divorce on the ground of adultery, the presumption of innocence can only be rebutted by clear, convincing and pointed evidence; the charge being in effect a criminal one, and the defendant at the mercy of a witness." *Donnelly* v. *Donnelly,* 63 How. Pr. 481.

"The testimony of a private detective hired by the husband to watch his wife, with a view to learning facts upon which to base a suit for divorce, will be regarded with much suspicion, especially where it does not appear that his pay does not depend upon the successful effect of his evidence." *Blake* v. *Blake,* 70 Ill. 618; 2 Greenl. Ev. 16th Ed. 38, n.; 2 Bishop, Marr. Div. & Sep. §774; Stewart, Marr. Div. & Sep. §352; 9 Am. & Eng. Enc. 2d Ed. 413; *Derby* v. *Derby,* 21 N. J. Eq. 36; *Sopwith* v. *Sopwith,* 4 Swab. & Tr. 246; *Cioci* v. *Cioci,* 26 Eng. L. & Eq. 613; *Chapman* v. *Chapman,* 129 Ill. 386; *Moller* v. *Moller,* 115 N. Y. 468.

*C. G. Austin & Sons* for the petitioner.

The testimony tended to show adultery; its weight was for the trial court to determine, and that determination is not revisable. *Parsons* v. *Parsons,* 68 Vt. 95; *Benedict* v. *Champlain Glass Co.,* 11 Vt. 19; *Card* v. *Sargent,* 15 Vt. 393; *Emerson* v. *Young,* 18 Vt. 603; *Smith* v. *Day,* 23 Vt. 656; *Stevens* v. *Hewitt,* 30 Vt. 262; *West River Bank* v. *Gale,* 42 Vt. 27; *Durgin et ux.* v. *Danville,* 47 Vt. 95; *Kelton* v. *Leonard,* 54 Vt. 230.

TYLER, J. Petition for divorce for alleged adultery; petition sustained and bill granted; exceptions by petitionee for that the decree was based wholly upon circumstantial evidence, and that all the evidence produced by the petitioner did not warrant the decree.

1. That adultery may be proved by circumstantial evidence, both in civil and criminal cases, is well settled. The only gen-

eral rule that can be laid down upon the subject is, that the circumstances must be such as will lead the guarded discretion of a reasonable and just man to the conclusion that the alleged act was committed. 2 Greenl. Ev. §40. In 2 Bish. Marr. & Div. 1357, this rule is given: "Though no witness testifies to seeing the adultery, if there are proven facts consistent with the theory of its commission and inconsistent with any other theory, and if they create in the minds of the triers the degree of affirmative belief required by law, that it was committed, the evidence will be adequate." Kizer on Marr. & Div. §70. Bishop says in Vol. 2, §619, that when a criminal disposition by both parties and an opportunity to commit the act have been shown, adultery may be inferred. See *State* v. *Brink & Gibbs*, 68 Vt. 659.

In the present case the court found that adultery had been committed on two occasions, and evidence having been introduced tending to show other occasions when the parties were alone together in the room described, the court remarked that evidence as to other occasions was admissible, whether before or after the acts proved. We assume that from this evidence the court found an adulterous disposition, as it was admissible for that purpose.

2. It appears that all the evidence tending to show that the parties were in a certain room together on occasions came from persons who had been employed by the petitioner as private detectives. The rule as to the weight to be given to the testimony of persons thus employed is well stated in *Blake* v. *Blake*, 70 Ill. 618: "The testimony of a private detective hired by the husband to watch his wife, with a view to learning facts upon which to base a suit for divorce, will be regarded with much suspicion, especially when it does not appear that his pay does not depend upon the successful effect of his evidence." The other cases cited in the petitionee's brief are of the same effect, though some of them say that only slight credibility should be given to such witnesses; others go to the extent of holding that a bill should not be granted upon the unsupported testimony of such persons. But the correct rule is that such testimony is to be weighed and considered like other testimony and tried by the same tests, and the fact that a person is a hired witness should be considered by the triers. 9 Am. & Eng. Ency. 412; 2 Greenl. Ev. §46, n. It cannot be assumed that all the evidence was not fairly considered and weighed by the trial court.

It is held in this State that a conviction may be had in a criminal case upon the uncorroborated testimony of an accomplice. *State* v. *Potter & wife,* 42 Vt. 495; *State* v. *Dana,* 59 Vt. 614. As a rule, the testimony of private detectives is entitled to as much weight as that of accomplices.

3. There was evidence tending to show adultery. That its weight and sufficiency were for the trial court and cannot be revised by this Court has been repeatedly decided. *Kelton* v. *Leonard,* 54 Vt. 230; *Thayer* v. *Cen. Vt. R. Co.,* 60 Vt. 214; *Lewis* v. *Roby,* 79 Vt. 487. The rule is stated in *Lindley* v. *Lindley,* 68 Vt. 421, that the measure of proof required is a preponderance of the testimony, weighing the presumption of innocence in favor of the party accused. That this case was tried in accordance with the rule we have no reason to question.

*Decree affirmed.*