Argued July 5, decided July 12, 1910.

## ROBINSON *v.* HOLMES.

[109 Pac. 754.]

PLEADING—COMPLAINT—DEFECTS—WAIVER.

1. Under Section 72, B. & C. Comp., providing that an objection,
except the objection that the complaint does not state a cause of
action, is waived unless taken by demurrer or answer, the defect in a
complaint failing to state a cause of action is not waived by answering
over after the overruling of a demurrer.

PLEADING—DEFECTS—CURED BY VERDICT.

2. A defect in a complaint, failing to state a cause of action, is not
cured by the judgment.

BILLS AND NOTES — ACTION AGAINST INDORSER — COMPLAINT — SUF-
FICIENCY.

3. A complaint undertaking to state the facts necessary to charge
an indorser must aver presentment to the maker, as required by
Section 4473, B. & C. Comp., unless presentment is dispensed with, as
authorized by Section 4484, and must allege nonpayment and notice
of dishonor as required by Section 4491, unless the necessity therefor
has been waived under Section 4511, or is not required under Section 4520,
to hold an indorser, and a complaint alleging the execution of a note
and the indorsement thereof, and averring that the debt is due and
has not been paid, is insufficient, as against a demurrer, to charge the
indorser.

From Crook: EDWIN V. LITTLEFIELD, Judge.

Statement by MR. CHIEF JUSTICE MOORE.

This is an action by J. W. Robinson, M. A. Robinson
and H. W. Turner, partners under the firm name and
style of J. W. & M. A. Robinson & Co., against Ed.
Holmes, J. B. Brown and Fannie Barton. The complaint
states, in effect, that plaintiffs are partners as J. W. &
M. A. Robinson & Co.; that the defendants, Ed. Holmes,
J. B. Brown, and Fannie Barton, are indebted to plain-
tiffs in the sum of $300, evidenced by a promissory note,

with interest thereon from May 12, 1906, at the rate of ten per cent per year, setting forth a copy of the instrument which purports to have been given by Holmes to Brown and indorsed by the latter and Fannie Barton to plaintiffs; and that the debt is due, and no part thereof has been paid. The separate demurrers of the indorsers, interposed on the ground that the complaint did not state facts sufficient to constitute a cause of action, were overruled. Answers were then filed which denied, upon information and belief, the material averments of the complaint. Based on such issues, the cause was tried without the intervention of a jury, and the court made findings of fact and of law conformable to the allegations of the complaint, and, having given judgment in accordance therewith, the defendants appeal.          REVERSED.

For appellants there was a brief and an oral argument by *Mr. M. R. Elliott.*

For respondents there was a brief over the names of *Messrs. King, Guerin & Kollock, Mr. M. E. Brink* and *Messrs. Menefee & Wilson.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. The question to be considered is the sufficiency of the complaint to state facts adequate to constitute a cause of action, and, if imperfect in that particular, the defect was not waived by answering over, after the demurrers were overruled, nor cured by the judgment. Section 72, B. & C. Comp.

2. The blemish in the plaintiff's primary pleading, as asserted by defendant's counsel, consists in the failure to allege a presentment of the note sued on to the maker at its maturity; a demand made upon him for the payment thereof; and a notice of the dishonor given to or served upon the indorsers; or the averment of such facts as would show a waiver of, or an excuse for, a noncom-

pliance with these requirements. The implied contract of indorsement is that, if at maturity the maker of a negotiable instrument, upon the presentation thereof and demand for the payment of the sum due thereon, neglects or refuses to comply therewith, the indorser, upon notice of the dishonor, will take up the obligation. Section 4486, B. & C. Comp.: *Jackson* v. *McInnis,* 33 Or. 529 (54 Pac. 884: 55 Pac. 535: 43 L. R. A. 128: 72 Am. St. Rep. 755).

The note in question matured September 1, 1906, at which time it should have been tendered to Holmes, the maker, for payment (Section 4473, B. & C. Comp.), unless presentment thereof was dispensed with in some manner (Section 4484, B. & C. Comp.). Notice of the dishonor should have been given to the indorsers, Brown and Fannie Barton (Section 4491, B. & C. Comp.), unless the necessity for such information had been waived (Section 4511, B. & C. Comp.), or was not required in order to hold an indorser (Section 4520, B. & C. Comp.).

3. When a complaint undertakes to state the facts necessary to charge an indorser, it must aver presentment, demand, and nonpayment, and notice of the dishonor, or show that such requirements have been waived or are not essential in consequence of the contract or of the act of the parties. 14 Enc. Pl. & Pr. 534; Edwards, Bills & Notes (3 ed.) § 948; 8 Cyc. 126; *Lightstone* v. *Laurencel,* 4 Cal. 277; *Dowling* v. *Hunt,* 2 Ariz. 8 (7 Pac. 496); *Malott* v. *Jewett,* 1 Kan. App. 14 (41 Pac. 674); *Galbraith* v. *Shepard,* 43 Wash. 698 (86 Pac. 1113).

The complaint herein does not bring the case within the sections of the statute hereinbefore noted, and hence is insufficient. The judgment is therefore reversed as to the defendants, Brown and Fannie Barton, and the cause is remanded, with directions to sustain their demurrers.

REVERSED.