Argued October 14, reversed October 19, 1915.

## MOLL *v.* ROTH CO.*

(152 Pac. 235.)

**Bills and Notes—Presentment and Notice—Waiver.**

1. Section 5915, L. O. L., provides, relative to negotiable instruments, that presentment for payment is dispensed with by waiver of presentment express or implied. Section 5942 provides that notice of dishonor may be waived either before the time of giving notice has arrived or after the omission to give due notice, and the waiver may be express or implied. An indorser of a note agreed with the indorsee to look after the collection of the note, and subsequently prepared a notice to the maker to pay the note, which the indorsee signed and mailed to the maker. On the day the note became due the maker telephoned to the indorsee that he was not then able to pay it, and the indorsee called the indorser on the telephone, and the indorser consented that the maker should be given further time. *Held,* that it was the indorser's duty to carry out its undertaking, and, if anything was omitted, it had no cause to complain, and by its acts it waived presentment and notice of nonpayment.

> [As to waiver of right to demand and notice on part of indorser, see note in 57 Am. Dec. 665.]

---

*On the subject of implied waiver of presentment and notice by indorser before maturity, see note in 33 L. R. A. (N. S.) 639.

On right to show by parol evidence that indorsement unrestricted in form was made for purpose of collection only, see note in 17 L. R. A. (N. S.) 838.        REPORTER.

**Evidence—Parol Evidence to Vary Writing.**

2. When any fact or transaction exists which raises an equity between an indorser and an indorsee and shows it to be inequitable to enforce the written contract, there arises an exception to the general rule that parol evidence will not be admitted to vary the contract of a blank indorsement.

**Bills and Notes—Presentment and Notice—Waiver.**

3. An agreement at or before the maturity of a note that an extension of time shall be given is a sufficient circumstance or fact to authorize an inference of waiver of presentment and notice of nonpayment.

**Bills and Notes—Presentment and Notice—Waiver.**

4. Any act, course of conduct, or language of an indorser calculated to induce the holder of a note not to make demand or protest or to give notice or to put him off his guard or any agreement to that effect will dispense with the necessity of taking such steps.

**Bills and Notes—Presentment and Notice—Waiver.**

5. The contingent liability of an indorser of a note is changed into a fixed liability by waiver of demand and notice.

**Evidence—Parol Evidence to Vary Writing.**

6. An agreement by an indorser of a note to attend to its collection for the indorsee was not in conflict with or contradiction of the written blank indorsement, where it was shown that this obligation was a subsequent transaction.

> [As to parol evidence to add to or vary writing, see note in 56 Am. St. Rep. 659.]

**Trial—Reception of Evidence—Offer of Proof.**

7. In an action by an indorsee of a note against the indorser, a corporation, the indorsee was asked to relate what occurred between him and S., the secretary of the corporation, in reference to the note to which question an objection was sustained. Plaintiff then offered to prove that at the time of the indorsement and delivery of the note there was an arrangement between the corporation and himself whereby it assumed the duty of looking after the collection and payment of the note; that later plaintiff made a similar arrangement with defendant's officer, and the officer wrote out a notice to the maker of the note, which plaintiff signed and mailed; that on the day the note became due the maker telephoned to plaintiff that he was not able to pay it, and plaintiff called the officer of the corporation on the telephone, who consented that the maker should be given further time. *Held,* that it was clear that S. was the officer of the corporation referred to with whom the arrangement was made.

**Corporations—Officers—Authority.**

8. As a corporation can act only through its agents, the authority and power of the managing officers of the corporation in the aggregate are coextensive with those of the corporation itself.

**Corporations—Officers—Authority.**

9. An officer or agent may act for and bind a corporation within the scope of the authority conferred upon him, either expressly or impliedly.

From Marion: PERCY R. KELLY, Judge.

Department 2.  Statement by MR. JUSTICE BEAN.

This is an action by E. O. Moll against the Roth Company, as indorser upon a promissory note.  The trial court granted a judgment of nonsuit and plaintiff appeals.

The complaint sets forth in substance:

"That on or about the 23d day of February, 1912, one C. C. Hickok, for value received, executed and delivered to the defendant his promissory note, wherein and whereby he promised and agreed to pay to the order of the said defendant (at Ladd & Bush, Bankers, Salem, Oregon) the sum of $350, with interest thereon at the rate of 8 per cent per annum from said date until paid, and wherein he further promised and agreed to pay to the said defendant, in case suit or action should be instituted to collect said note, or any portion thereof, such additional sum as the court might adjudge reasonable as attorney's fees in said suit or action; * * that the said defendant, for and in consideration of the sum of $350 to it paid by the plaintiff, duly indorsed and transferred and delivered the said promissory note to the plaintiff long before the same became due and payable, and the plaintiff is now, and ever since has been, the holder and owner of the said promissory note; that at the time of the indorsement of said note to the plaintiff the defendant orally agreed to be absolutely responsible and liable upon said note to the plaintiff and to pay the same, in any event, if such note or any part thereof was not paid by the said maker thereof at maturity, and the said defendant agreed to attend to the collection of said note from the maker thereof, and pursuant to such agreement under-·took to collect the said note from the said maker, and, through the plaintiff, notified the said maker, C. C. Hickok, a short time before the maturity of said note, to pay said note at the Capital National Bank of Salem, Oregon, and said defendant prepared such notice to

said maker to pay as aforesaid, and then informed the plaintiff that said maker would probably not be able to pay said note just at maturity, but would be able to pay later, and the plaintiff, pursuant to such agreement, and with the defendant's agreement and consent, left the said note at the Capital National Bank of Salem, Oregon, and the same was there presented for payment to said maker on August 23, 1912, and the said note was not then paid nor any part thereof, and the plaintiff on the next following day, namely, on August 24, 1912, duly notified the said defendant that said note was not paid nor any part thereof, and that the maker thereof, C. C. Hickok, had just then informed the plaintiff that he (said Hickok) could not then pay the said note, and requested further time on said note until he sold his prune crop, and this plaintiff then asked said defendant if it would consent and agree to the forbearance of the enforcement of said note and the said defendant then informed the plaintiff that it consented and agreed to forbearance in the enforcement of the payment of said note at that time, and the said defendant by its said agreements and conduct waived its right to the presentment of said note to the maker for payment at Ladd & Bush, Bankers, Salem, Oregon, and notice of nonpayment thereafter, and the plaintiff relied upon the said agreements and conduct of the defendant, and was thereby induced to not present said note for payment to said maker at said Ladd & Bush, Bankers, and to not notify said defendant of nonpayment thereafter, and the said defendant by reason of its said agreements and conduct ought to be and is estopped from alleging that the said note was not duly presented on the day of maturity to the maker at said Ladd & Bush, Bankers, and notice thereafter was not duly given of the nonpayment of said note to the defendant; and that the said defendant by its said agreements and conduct waived any further presentment and demand, other than as herein set forth, and also waived all notice of nonpayment of said note, and agreed to be absolutely responsible and liable upon said note to the plaintiff in any event, if such note or

any part thereof was not paid by the said maker thereof when the same was due and payable.''

It is also alleged that $75 is a reasonable attorney's fee, and that the note has not been paid, nor any part thereof, except $14 interest.

The defendant by its answer admits the execution and indorsement of the note, and denies the other allegations of the complaint. Upon the trial the plaintiff called E. Schunke as a witness. He testified, in substance, that he was at the date of the trial secretary of the defendant corporation, and had served in that capacity ever since it was organized, and that he was empowered and authorized by the defendant, among other things, to indorse and deliver promissory notes held by the corporation, and that he had indorsed on its behalf the note described in the amended complaint and delivered the same to the plaintiff long prior to its maturity. The plaintiff, as a witness on his own behalf, stated, in effect, that he is and has been for a long time a meat packer and butcher in West Salem, Polk County, Oregon, and had furnished meats, etc., to the defendant; that in the spring of 1912 the corporation was indebted to him in the sum of $150 or $160 for meats, etc., and that the defendant indorsed and delivered the said note to him in payment of the said account, and plaintiff gave to defendant his check for $200 or thereabouts in payment of the difference between the amount of the note and the account. In order to prove the matters contained in the third paragraph of the complaint relating to presentment and notice plaintiff's counsel asked him upon direct examination the following question:

"Q. Now, Mr. Moll, just relate what occurred between you and Mr. Schunke at that time in reference to this note.''

The defendant objected upon the ground that it was incompetent because the transfer of the note is made by indorsement, and the contract between the parties is in writing and cannot be varied by parol evidence. The court sustained the objection, and the plaintiff duly excepted to such ruling, and the witness was not permitted to answer the question. Thereupon counsel for plaintiff stated to the court that the plaintiff proposed to prove, and did duly offer to prove, by the witness E. O. Moll, the following facts: That at the time of the indorsement and delivery of the note in question to him there was an arrangement made between the defendant and himself whereby the former assumed the duty of looking after the collection and payment of the note and the amount of diligence that it would be necessary for plaintiff to exercise. Later the defendant's officer met plaintiff and had a similar arrangement and wrote out a notice to the maker of the note. Plaintiff signed it and mailed it. On the day the note became due the maker telephoned in to plaintiff to the effect that he was not then able to pay it, but hoped to do so within a short time upon selling his crop of prunes. To that plaintiff replied that it would be all right if the defendant would consent. The latter was called up by telephone by the plaintiff, who submitted the maker's proposition, and the officer of the corporation assented thereto, and consented that the maker of the note should be given further time.                REVERSED.

For appellant there was a brief with oral arguments by *Mr. John A. Carson* and *Mr. John Bayne.*

For respondent there was a brief and an oral argument by *Mr. Walter C. Winslow.*

MR. JUSTICE BEAN delivered the opinion of the court.

1–5. The question for determination is as to the waiver of presentment and notice of nonpayment. Our negotiable instruments law provides that presentment for payment is dispensed with by waiver of presentment, express or implied: Section 5915, L. O. L.; Crawford, Neg. Inst., p. 107, notes. Notice of dishonor may be waived either before the time of giving notice has arrived or after the omission to give due notice, and the waiver may be express or implied: Section 5942, L. O. L. When any fact or transaction exists which raises an equity between the indorser and indorsee and shows it to be inequitable to enforce the written contract, there arises an exception to the general rule that parol evidence will not be admitted to vary the contract of a blank indorsement: *Dale* v. *Gear,* 38 Conn. 16 (9 Am. Rep. 353); *Jones* v. *Albee,* 70 Ill. 37; 7 Cyc. 1124. An agreement at or before maturity of the note that an extension of time shall be given is a sufficient circumstance or fact to authorize an inference of waiver: Daniel, Neg. Inst. (4 ed.), § 1106; *Sheldon* v. *Horton,* 43 N. Y. 93 (3 Am. Rep. 669); *Amoskeag Bank* v. *Moore,* 37 N. H. 539 (75 Am. Dec. 156); *Ridgway* v. *Day,* 13 Pa. 208. Any act, course of conduct, or language of the indorser calculated to induce the holder not to make demand or protest or give notice, or to put him off his guard, or any agreement to that effect, will dispense with the necessity of taking such steps: Daniel, Neg. Inst. (4 ed.), § 1103; *Boyd* v. *Bank of Toledo,* 32 Ohio St. 526 (30 Am. Rep. 624); *Torbert* v. *Montague,* 38 Colo. 325 (87 Pac. 1145); *Taunton Bank* v. *Richardson,* 5 Pick. (Mass.) 436; *Yeager* v. *Farwell,* 13 Wall. 6 (20 L. Ed. 476). The contingent

liability of an indorser is changed into a fixed liability by waiver of demand and notice: *Amoskeag Bank* v. *Moore,* 37 N. H. 539 (75 Am. Dec. 156).

"A waiver must be made by one having the capacity to incur obligations, but, inasmuch as notice left with a clerk or party in charge of an indorser's place of business is sufficient, it follows that a waiver by·a person so in charge is effective": 7 Cyc. 1124.

6. It appears that plaintiff resided in the country, and it was proper for him to engage someone who was so situated as to be able to look after the collection of the note. When the defendant agreed to do this and entered upon that duty and prepared the notice to Hickok, the maker, the natural result was for plaintiff to believe that everything necessary in the premises would be done. Such arrangement would undoubtedly cause him to refrain from placing the note in a bank or in some person's hands in order that presentment for payment be made and notice of dishonor be given. Under these circumstances it was the duty of defendant to carry out the undertaking according to its agreement, and, if anything was omitted, it has no cause to complain. This arrangement was not in conflict with or in contradiction of the written indorsement in blank upon the note. The plaintiff tendered proof to show that the obligation of defendant to assume the collection of the note was a subsequent transaction. The time of payment of the note was extended pursuant to the suggestion of defendant. The evidence produced and tendered plainly shows that the defendant waived presentment and notice of nonpayment of the note: *Robinson* v. *Holmes,* 57 Or. 5 (109 Pac. 754).

7. It is urged by counsel for defendant that it was not shown who the officer of defendant was with whom

the dealings were had, or that he had authority to bind the corporation. It is clear, however, from the record, that plaintiff referred to Mr. E. Schunke, the secretary of the company during all the time of the transaction between plaintiff and defendant, and that he was empowered by the latter to indorse and deliver notes "and such things" for defendant, and had so indorsed the note in question; in fact, this authority was admitted by defendant upon the trial. This proof was not challenged in any way. The objection of defendant to the proof tendered did not cover this point.

8, 9. Since a corporation can act only through its agents, the authority and power of the managing officers of the corporation in the aggregate are coextensive with those of the corporation itself. An officer or agent may act for and bind the corporation within the scope of the authority conferred upon him either expressly or impliedly: 21 Am. & Eng. Ency. (2 ed.), 852.

The lower court erred in granting the nonsuit. The evidence in the case is all contained in the record, and it appears therefrom that under the provisions of our negotiable instruments law the evidence tendered should have been admitted, and the cause submitted to the jury.

The judgment of the Circuit Court is reversed and the cause remanded for a new trial.       REVERSED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE EAKIN and MR. JUSTICE HARRIS concur.