FOUNDRY MANUFACTURING CO. v. WILLIS V. FARR.

May Term, 1924.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1924.

Bills and Notes—Agreement with Indorser Extending Time of Payment Dispenses with Necessity for Demand and Notice —Refusal of Requested Evidence—Evidence—Standards Measuring Sufficiency—Preponderance Only Required in

*Civil Cases—Requested Charge Assuming Controverted Fact Properly Refused.*

1. An agreement with the indorser of a note to extend time of payment thereof dispenses with necessity of any demand and notice.

2. In an action of contract on a promissory note, requested instruction that evidence must be clear and unequivocal to justify a finding that defendant committed the criminal act involved in the alteration of a note, was properly refused, as such instruction would convey the idea that something more than a preponderance of evidence was required to justify a finding that defendant made the alteration.

3. There are only two standards by which sufficiency of evidence in trials in court is to be measured, preponderance and beyond a reasonable doubt, there being no intermediate rule.

4. In all civil actions, even those involving fraud or crime as a determining fact, only a preponderance of evidence is required.

5. A requested charge that assumes a controverted fact is properly refused.

ACTION OF CONTRACT on a promissory note. Plea, general issue. Trial by jury at the November Term, 1923, Chittenden County, *Thompson,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Max L. Powell* for the defendant.

*Chas. F. Black* for the plaintiff.

POWERS, J. [1] When this case was here before—*Foundry Mfg. Co.* v. *Farr,* 96 Vt. 382, 119 Atl. 885—we left undecided the question whether the agreement for an extension of the time of payment merely postponed the necessity of demand and notice, or finally dispensed with it. This question is now presented, and it is argued in support of the exception to the order of the court overruling the defendant's motion for a verdict that the legal effect of the agreement was not to dispense with the necessity of demand and notice, but merely to postpone the same until the expiration of the extension. As indi-

cated in our former opinion, the cases are not in entire accord on this question; but the great weight of authority is to the effect that such an agreement dispenses with the necessity of any demand and notice.

In addition to *Hudson* v. *Wolcott*, 39 Ohio St. 618, referred to in our former opinion, many cases have so held. Of these, *Amoskeag Bank* v. *Moore*, 37 N. H. 539, 75 A. D. 156, is a leading case. There, to be sure, the agreement was made before the note fell due, but that fact is of no consequence. G. L. 2978; *Sheldon* v. *Horton*, 43 N. Y. 93, 3 A. R. 669. *Airey* v. *Pearson*, 37 Mo. 429; *Glasgow* v. *Pratte*, 8 Mo. 336, 40 A. D. 142; *Ridgway* v. *Day*, 13 Pa. 208, decided before the adoption of the Negotiable Instruments Act, and *First Nat. Bank* v. *Johnson*, 169 N. C. 526, 86 S. E. 360, L. R. A. 1916B, 941, and *Moll* v. *Roth Co.*, 77 Or. 593, 152 Pac. 235, decided under that Act, are all to the same effect.

The reason why the agreement so results is that what was before a contingent liability is by the extension converted into a fixed liability. *Moll* v. *Roth Co.*, *First Nat. Bank* v. *Johnson*, *Amoskeag Bank* v. *Moore*, *Ridgway* v. *Day*, all *supra*.

We hold, therefore, that the agreement here in question amounted, in law, to a final waiver of the necessity of demand and notice, and that the exception under consideration is without merit. This holding renders the second and fifth exceptions briefed by the defendant wholly unavailing.

[2-4] The defendant seasonably requested the court to instruct the jury to the effect that the evidence must be clear and unequivocal in order to justify a finding that the defendant committed the criminal act involved in an alteration of the indorsement. The court did not in terms comply with this request, but did explain the presumption of innocence as applicable to the case, and instructed the jury to give it effect as evidence in the defendant's favor, and then went on to say: "But if after considering all the evidence in the case, including this presumption of innocence, you are satisfied by a preponderance of the evidence that the words 'without recourse' were written on the note by the defendant after the note was delivered by him to the plaintiff, the fact that such act constitutes a fraudulent or criminal act should not deter you from so finding." This instruction was without error. There are only two standards known to our law by which the sufficiency

of evidence in trials in court is to be measured, a preponderance, and beyond a reasonable doubt. Between these there is no intermediate rule. *Bradish* v. *Bliss,* 35 Vt. 326; *Weston* v. *Gravlin,* 49 Vt. 507. In all civil actions, even those involving fraud or crime as a determining fact, only a preponderance is required. *Cutter* v. *Adams,* 15 Vt. 237; *Bradish* v. *Bliss, supra; Weston* v. *Gravlin, supra; Lindley* v. *Lindley,* 68 Vt. 421, 35 Atl. 349; *Taft* v. *Taft,* 80 Vt. 256, 67 Atl. 703, 130 A. S. R. 984, 12 Ann. Cas. 959. The defendant was not entitled to have the requested instruction given. It would have impressed the jury with the idea that something more than a preponderance of evidence was required in order to justify a finding that the defendant altered the indorsement, and would have been erroneous. 38 Cyc. 1755.

[5] The defendant requested the court to charge as follows: "That the trade was completed when the sedan car was delivered and the touring car taken back—that constituted delivery and acceptance, and the defendant then owed the plaintiff company $1,300 balance, which was paid later when note was taken and treated as cash and $500 credited to the defendant." This request was properly refused. The only importance to it lies in the phrase "which was paid *later when the note was taken.*" The defendant's point is that the extension of time was arranged on May 16, five days after the delivery of the note. But the defendant's evidence tended to show that the note was delivered and the arrangement made at the same time, on May 9 or 10. A request to charge that assumes a controverted fact is properly refused. *Taplin & Rowell* v. *Marcy,* 81 Vt. 428, 71 Atl. 72; *Stebbins* v. *No. Adams Trust Co.,* 243 Mass. 69, 136 N. E. 880; *Payne* v. *James,* 207 Ala. 134, 91 So. 801; *McDonough* v. *Vozzela* (Mass.), 142 N. E. 831.

*Judgment affirmed.*