Heatherly *v.* Hadley.

---

JAMES HEATHERLY and MARY J. HEATHERLY, Appellants, *v.* HENRY G. HADLEY and HENRY C. OWEN, Respondents.

1. Construction of pleadings.
2. In pleading a former suit or action in bar, it is necessary to state facts showing what was the matter determined in the former suit or action.
3. What a sufficient service of summons and complaint.
4. In addition to a doubt as to the effect of the officer's acts in making service, the fact that no *certified* copy of complaint was served would be sufficient to make such attempted service invalid.

THIS is a suit to set aside a decree of foreclosure. After replication filed, the defendants moved for a decree upon the pleadings. The motion was granted and the plaintiff's appeal.

The complaint states that in 1863 James Heatherly was indebted to sundry persons to the aggregate of $12,110 on promissory notes, and defendants, one or both of them, were sureties on the notes. Plaintiffs, who were husband and wife, to secure defendants, mortgaged to them real estate of the value of $20,000 and assigned to them a certain note of $5,000. Plaintiffs and defendants, at the time of executing the mortgage, made a written agreement that plaintiffs might sell parcels of the land at stipulated prices and apply the proceeds to pay the debts. The complaint proceeds: "And plaintiff alleges that it was further agreed in said agreement that the defendants would forbear foreclosing said mortgage the space of one year from date of said agreement,

which by mistake was omitted to be inserted in said original written agreement."

Defendants, within the year, commenced their foreclosure suit and obtained a decree for $9,228, and interest thereon *at* 15 *per cent,* per annum, and for a sale of the mortgaged premises; and afterwards plaintiffs became purchasers. The complaint alleges that plaintiffs did not owe defendants more than $2,394; that plaintiffs were not served with summons in the foreclosure suit, and had no notice thereof, and that the sheriff did not give due notice of sale.

The complaint and answer each purport to set out the items of debit and credit, showing what was the state of the accounts between the parties.

The answer denies the material allegations of the complaint,. except the defendants being sureties, of the mortgage and written agreement and the foreclosing of the mortgage; avers that Heatherly's indebtedness to them exceeded $9,000, and proceeds to say, that the decree of foreclosure "may have included erroneously either the $415, charged as paid on the Cumming's mortgage or the $450 paid on Humphrey and Cooper debts; or it may have properly included the Rosenbladt debt. (The pleadings show that the Rosenbladt debt of $500 was in judgment in favor of defendant, Hadley, against these plaintiffs, rendered in the County Court before the foreclosure suit.)

The answer alleges that Heatherly and wife were duly served with summons and complaint by the sheriff of the county, as appears by the return, setting it out as follows:

"I hereby certify that I have this 14th day of October, 1863, served the above summons by leaving a certified copy thereof, with a copy of the affidavit and complaint, prepared by the plaintiff's attorneys, in the hands of Mary J. Heatherly, wife of the defendant, James Heatherly (she being a white person above fourteen years of age), at his usual place of abode, in Lane county, Oregon.

"T. J. BRATTAIN, *Sheriff.*"

Heatherly *v.* Hadley.

The summons was directed to both defendants. The answer alleges that James Heatherly knew of the judgment of foreclosure a short time *after* the confirmation of the sale.·

The ·answer then, apparently with some purpose of showing former adjudications, in bar of this suit, says: " That all the matters and things in this suit alleged     *     *     * have been substantially and fully and finally adjudicated in former suits and proceedings, in courts having full and competent jurisdiction thereof, between these parties, which said former suits and proceedings said defendants now and here plead in bar to this suit, to wit: A suit in equity determined in the Circuit Court of Lane county, April term, 1865," and proceeds to name other suits in a similar manner.    The pleader then, in the body of the answer, proceeds to give " notice that on the trial of this suit, if· any there shall be, they will give in evidence the court records and papers in said suits and proceedings, the answer of Norris Humphrey on writ of attachment relating to the Wait note, and the records and papers in the original foreclosure suit, with such other records and other proofs as may be deemed necessary to maintain the defense."

The replication denies the several allegations of new matter contained in the answer.    The denial of the sheriff's return of service being that plaintiff has not sufficient knowledge or information to form a belief.

*Walton & Chapman,* for appellants.

*S. Ellsworth,* for respondents.

UPTON, J.    The various points presented in this case may be resolved into three questions:

·1st.  Does the complaint, if taken as true, entitle the plaintiffs to equitable relief?

2d.  Does the new matter set up in the answer, if taken as true, present a complete defense?

3d. Do the denials presented in the answer or replication present issues requiring evidence in order to a proper determination of the case.

A court will, upon motion, render a judgment or decree for the defendant on the pleadings where the complaint fails to allege sufficient facts, or where the answer states facts showing a complete defense and these facts are not denied in the replication.

The complaint, if taken as true, shows an unsettled account between the parties, and the defendants claiming the plaintiffs' property under an alleged foreclosure against the plaintiffs in a suit in which they have not been served with process, and which was commenced before the cause of suit or the right to sue originated, the decree being for a larger amount than was just.

It needs no argument to show that the complaint is sufficient, if taken as true, to entitle the plaintiffs to relief.

If the denials meet these allegations of the complaint the issues thus raised must be determined upon evidence, and such denials, be they ever so full, afford no ground for a decree upon the pleadings. If the pleadings present issues vital in the case, those issues must be tried and the case must be determined upon proofs.

If, however, there is new matter constituting a perfect defense set up in the answer and not denied by the replication, in that case the decree of the Circuit Court was proper. It is, therefore, important to consider what new matter in avoidance is set up by the answer.

The first part of the answer that can be looked upon as a statement of new matter relates to the situation of the accounts between the parties at the rendition of the decree. But that part of the answer contains a virtual admission that the decree was taken for too great an amount. Each matter of fact proper to be pleaded should be stated in a direct manner, so that issue may be taken upon it by direct denial of the matters alleged. It is not sufficient to state a series of

alternatives and allege that some one of them is true ; much less, that one of them may be true, or may have happened. Facts should be stated without argument or reasoning in reference to them or their effect.   This part of the answer is not only defective in naming several different items, and alleging that one of them may have been included in the decree without asserting that any particular one was so included. But the admission that the decree "may have included" a particular demand or sum of money that was not owing, does away with all advantage it was possible for the pleader to derive from allegations relating to that subject, upon the principle that the allegations of a pleading are construed more strongly against the pleader.

It is not always the case that a court of equity will open a judgment or decree where the proceedings have failed to conform to the rules of law.   It is usually required of the party attacking a decree that he show that it is for too great an amount or in some other manner is inequitable, and that a trial of the cause will place him in a better position; in other words, he must not only show that his legal rights have been disregarded, but he must show himself entitled in equity to the relief demanded.   The admissions of this part of the answer are a virtual confession of merits in this plaintiff's suit, provided his legal rights were invaded or disregarded in obtaining the decree of foreclosure.

The next statement in the nature of new matter is the reference to former adjudications.   The answer contains no sufficient pleading of a former suit or action, and it is in no way aided by the notice there set out, both because the substance of the notice, if stated in proper form, would be wholly insufficient, and because nothing in our system of pleading justifies the introduction of such a notice in the answer. Neither the matter plead nor the notice present an issuable fact in regard to a former suit.

The plaintiff is not called upon to deny the defendant's intention to " give in evidence, the court records and papers

in said suits and proceedings." It is equally erroneous to call on the plaintiff to admit or deny the conclusion that all the matters and things in this suit alleged have been substantially and fully and finally adjudicated in "former suits and proceedings" or in "a suit in equity determined in the Circuit Court of Lane county, April term, 1865," between the same parties.

In pleading a former suit or action in bar, it is necessary to state facts showing what was the matter determined in the former suit. (*Logan* v. *Talmage*, 14 *John.*, 501, 511 ; *Fowler* v. *Hait*, 10 *John.*, 111.)

Before the court will draw a conclusion that all the matters and things in this suit alleged have been adjudicated in a former suit, it must be informed what was the subject matter of the former suit. It is necessary that the pleadings contain such allegations of fact as to advise the court what were the issues determined or the matters adjudged in the former suit. To state simply that they are the same that are presented in this suit is the statement of a conclusion. If the replication had been silent in regard to former suits there is not sufficient in this part of the answer to have justified granting the motion for a decree upon the pleadings.

The allegations in regard to service of summons and in regard to a confirmation of sale, although the former meets an allegation by the complaint, may be treated as new matter. If the defendant in the former suit was duly served with process and failed to object to a confirmation of the sale, it may be reasonably urged that the order of confirmation should not be disturbed. The sufficiency of the confirmation as well as that of the decree under which the sale was made depends on the sufficiency of the service.

The complaint alleges that plaintiffs were not served with process. Had the answer simply taken issue upon that proposition it would have rendered a judgment on the pleadings improper. But the defendant goes further and shows the manner of service by setting out the sheriff's return *in hec*

*verba.* The replication professes to deny the return by declaring plaintiff's want of knowledge. There is much reason for the position that when one can obtain information by inspecting the records and files which are within convenient distance, and in a case in which he is a party, such denial should be treated as sham, and the court will treat this case as if the sheriff's return was not denied. In this case the pleadings do away with all presumptions of law by presenting the facts upon which depends the question of jurisdiction of the person.

The law in force in 1863 required service of summons to be made by "delivering a copy thereof, together with a copy of the complaint prepared and certified by the plaintiff, his agent or attorney," "to the defendant personally; or, if he be not found, to some white person of the family, above the age of fourteen years, at the dwelling house or usual place of abode of the defendant." The grounds of objection to the service are the following:

1st. It is claimed to be a good service on both Heatherly and his wife, although only one copy of summons or complaint was delivered.

2d. It was not served personally on Mr. Heatherly, and it does not appear affirmatively that he was "not found."

3d. It does not appear that the copy of the complaint was certified by any one.

In regard to the first objection, it may be said that no more was done than was necessary to obtain service on the wife; and there is reason to doubt whether it is a compliance with the spirit and intent of the statute, which seems to contemplate that a white person of the family over fourteen years of age will exercise a discretion, and notify a person stopping at the same house when a copy is left for such person. If Mrs. Heatherly was informed that the proceeding was intended as a service upon the husband, as well as upon herself, and that fact could be, in any proper way, made to appear, the objection would have less weight. But a decision of that point is not indispensable in this case.

To the second objection it is answered, and the court thinks with reason, that the plaintiff cannot raise the question, for his complaint shows affirmatively that at the time of the alleged service he was not in the State, and of necessity, he was not to be found in the county.

On the third point, it is to be observed that the defendant is presumed to state his case as favorably to himself as the facts will warrant, and he has not shown a strict compliance with the law. He was apprised by the complaint that want of service was a point relied upon by the plaintiff. If the copy was actually certified by the plaintiff, his agent or attorney, the presumption is that the answer which professes to set out the mode of service would have so stated.

Whether a judgment or decree, in a case where the defendant was served with a true copy of summons and complaint, would be defective on the sole ground that the copies were not certified, it is not necessary here to decide. In this case there is reason, on the face of the return, to doubt whether either the sheriff, or Mrs. Heatherly, at the time the service was made, considered the proceeding a service on Mr. Heatherly. There is nothing in the case to show that he had any personal knowledge of the proceeding until after the decree was rendered. Service by leaving a copy at the dwelling house, although good if made in strict pursuance of the statute, is not of a character to induce a court of equity to indulge implications or inferences in its favor, even if the court had the power to do so. Under the circumstances of this case, the court is of the opinion that the want of a certificate is such a failure to comply with the law as to render the service invalid as to the husband.

In this case it should not be overlooked that had the service been perfect on both defendants there are issues of fraud and mistake, which, if found in favor of the plaintiffs upon a trial, would have justified the opening of the decree in the foreclosure suits. (*Bruen* v. *Howe*, 2 *Barb.*, 586; *Higgins* v. *King*, 3 *Ib.*, 616.)

The case made by the pleadings presented issues of fact which the Circuit Court should have proceeded to try, and the court erred in sustaining the defendants' motion for a decree upon the pleadings.

The decree of the Circuit Court should be reversed.