## Case No. 18,121.

### WYTHE v. SALEM.

[4 Sawy. 88.] [1]

Circuit Court, D. Oregon. Sept. 18, 1876.

ESTOPPEL—PLEA STRICKEN OUT—PLEA OF FORMER JUDGMENT.

1. A plea of estoppel by conduct, not showing that the defendant was ignorant of the truth of the matter or could not have conveniently ascertained the same; nor that the defendant had acted upon the matter claimed as an estoppel, stricken out on motion of plaintiff.

[Cited in Coos Bay Wagon Co. v. Crocker, 4 Fed. 581.]

2. In a plea of a former judgment in an action at law, it is a sufficient description of the cause of action in the first action to allege that it was identical with that stated in the complaint in the action pending.

Addison C. Gibbs and Ellis Hughes, for plaintiff.

N. B. Knight, for defendant.

DEADY, District Judge. This is an action to recover possession of a block of land in the town of Salem, known as Marion square.

The defendant, by its amended answer, filed January 21, 1876, admits that the plaintiff [W. T. Wythe] is the owner of the fee in the premises, but denies that he is entitled to the possession of them. Besides the denials, the answer contains three separate defenses, namely: (1) A former adjudication; (2) A dedication of the premises by Chloe A. Willson, the grantor of the plaintiff, to the use of the inhabitants of said town, forever; and (3) an estoppel.

---

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

The plaintiff demurs to the first and second plea, and moves to strike out the third one. The motion to strike out is allowed. The plea of estoppel is founded upon the alleged public declarations of Chloe A. Willson, in 1857, to the effect that she had set apart said square for the use of the defendant forever, and alleges that the defendant, relying upon said declarations, improved said square in 1867 at a cost of $500. But it does not appear but that the defendant knew, as well as said Chloe, whether such dedication had been made or not, or that it could not conveniently have ascertained how the fact was, if it had desired to. The plea also states that the defendant was in possession of the premises at the date of such declarations, and has been ever since; so that, upon its own showing, it has not changed its position in regard to the property since the making of the same, or incurred any liability or expense on the faith of them, save the expenditure of this $500 for improvements, which is probably much less than the value of the use and occupation of the premises for over twenty years. Under the plea of dedication, any admissions of a prior dedication by Chloe A. Willson can be considered and have such weight as under the circumstances they are entitled to.

The second plea is sufficient, except that it contains no allegation that Chloe A. Willson had any interest in the premises to dedicate. This was stated on the argument to have been an oversight on the part of the pleader, and may be amended.

The first plea alleges that on June 25, 1868, in an action brought by Chloe A. Willson against this defendant, in the circuit court for the county of Marion, "for the same identical cause of action as that set forth in the complaint herein, the defendant had judgment against said Chloe A., for the perpetual possession of said square for the use of the inhabitants of said defendant, as a public square," which judgment is still in full force; and that plaintiff claims under said Chloe A. since the date of said judgment.

On the argument of the demurrer, counsel for the plaintiff insisted that a plea of former adjudication must state particularly what the cause of action was in the prior suit, so that the court can see that it is identical with that of the present one; and that therefore it is not sufficient to aver, as is done in this case, that the cause of action is the same or identical, but that the facts must be stated in detail. In support of this position counsel cited Heatherly v. Hadley, 2 Or. 273, in which it is said that "in pleading a former suit or action in bar, it is necessary to state facts showing what was the matter determined in the former suit," and the mere conclusion that they are the same is insufficient.

In support of this opinion the court cites Fowler v. Hait, 10 Johns. 111, and Logan v. Tallmadge, 14 Johns. 511. The first case was an action before a justice, and upon certiorari it was held that the defendant, having omit-

ted to plead or give notice of a former trial and judgment concerning the same matter, was therefore precluded from giving evidence of it at the trial of the action. But this ruling only goes to the point that a former adjudication must be pleaded, and is silent upon the question of what is a sufficient plea of such adjudication.

The second case was a suit in equity wherein the chancellor had permitted a former decree between the same parties to be read at the hearing, without the same having been pleaded or relied on in the answer as a bar (2 Johns. Ch. 56); and this, Spencer, J., delivering the prevailing opinion in the court of errors, held to be erroneous, saying: "It is a well established rule in equity that a plea in bar of a former decree must state so much of the former bill and answer as to show that the same point was then in issue." The case itself is authority for the rule, which is undoubted, that a former decree, to be available in bar of a subsequent suit, must be pleaded or relied on in the answer, but how or with what particularity it must be pleaded or stated in the answer it does not decide. In Story, Eq. Pl. § 791, it is said that, "upon a plea of a former decree, so much of the former bill and answer must be set forth as is necessary to show that the same point was in issue." But this is so on account of the numerous matters, involving many points and questions, often contained in a suit in equity and determined by its decree. In such a case it may be insufficient, as was held in Heatherly v. Hadley, supra, to simply aver "that all the matters and things alleged in this suit" have been adjudicated in a former suit between the same parties.

But in an action at law, a specified definite object is sought to be obtained on account of some particular wrong or neglect of duty, or failure to comply with an obligation on the part of the defendant, and the scope and operation of the judgment which is given therein is limited accordingly. Therefore, in pleading a former adjudication at law, it is convenient and sufficient to say that the cause of action was the same or identical with that set forth in the complaint in the new action, or with some branch or feature of the case made in the bill if it be a suit in equity and the plea is only to a part of the bill, as often happens. In Story, Eq. Pl. § 780a, it is stated that a plea of prior judgment in the lord mayor's court on the same subject-matter on which the bill sought relief was held good. The plea itself is given in the note three to the same section, and while it contains some folios of introductory matter, the essential allegation as to the identity of the matter adjudged and that set up in the bill is contained in the statement that the demands of the defendant, which are controverted by the complainant's now bill, and the demands of the defendant, which were established by said adjudication, "are the same and not otherwise or different." In 3 Chit.

Pl. 928, a precedent is given of a plea of a former judgment, in which it is simply stated that the plaintiff impleaded the defendant in a certain term, before a certain court, in a certain plea of trespass on the case on promises "for the not performing the very same identical promises and undertakings in the said declaration mentioned," upon which the plaintiff had judgment. The plea in this case is substantially in the same form. It avers that the action brought by Chloe A. against the defendant was "for the same identical cause of action as that set forth in the complaint herein," and that judgment was given upon the merits in favor of the defendant's right of possession, as above stated.

In 2 Estes, Pl. 702, 715, a precedent is given of a plea of "another action pending," and also a "former judgment," in both of which the allegation as to the identity of the cause of action is a simple averment that the pending or former action is or was "for the same cause of action as that set forth in the complaint herein."

The plea is sufficient, and the demurrer thereto is disallowed.