Decided 17 April, 1906.
## COLES v. MESKIMEN.
85 Pac. 67.

Ejectment—Right to Possession as a Defense.

1. A plaintiff in an ejectment action being required to show right to possession as well as title, any matter tending to show that defendant is not wrongfully in possession is a defense, whether the right asserted be legal or equitable, as, for instance, that defendant is holding under an executory contract of sale as to which he is not in default.

Vendor and Purchaser—Possession Under Contract—When Default May Be Claimed.

2. In a case where time is not made a vital feature of the contract, a purchaser who has entered into possession of land under an agreement to buy is not in default, so as to forfeit his right to occupation, by a failure to make the final payment, when the vendor has not tendered a deed.

From Baker: Samuel White, Judge.

Statement by Mr. Chief Justice Bean.

This is an action of ejectment by Elizabeth S. Coles against Stephen Meskimen. The plaintiff alleges that she is the owner in fee and entitled to the immediate possession of the property, and that the defendant wrongfully and unlawfully withholds the same from her. The answer admits the plaintiff's legal title, denies her right to the possession and the wrongful withholding by the defendant, and affirmatively alleges that on or about the 1st day of May, 1904, the plaintiff and defendant entered into an executory contract for the sale by the former and the purchase by the latter of the premises in controversy, together with a water right appurtenant thereto, for the sum of $100, to be paid within one year; that by the consent of the plaintiff, and in pursuance of the contract, and in accordance with its terms, the defendant immediately entered upon the premises, and has ever since remained in possession thereof, making valuable and permanent improvements, of the reasonable value of $300; that

on or about the 1st day of April, 1905, defendant tendered to plaintiff the full purchase price and demanded a deed, but plaintiff refused to execute or deliver such deed, and has never performed, or offered to perform, the contract on her part, although the defendant has been and now is able, ready and willing to pay the purchase price. The reply admits the making of the contract as alleged, except that it denies that a water right was to be conveyed with the land, and alleges that the purchase price was to be paid not later than September 1, 1904, and was not so paid or tendered by the defendant; that on April 5, 1905, the plaintiff offered in writing to convey the premises to the defendant upon the payment of the purchase price, and demanded such payment of him, but it was refused. The cause was tried to a jury. The plaintiff gave evidence of her legal title, waived her claim for damages, and rested. Thereupon defendant, to sustain his defense, gave evidence tending to prove the contract of purchase as alleged in his answer, his possession of the premises under such agreement, and the making of valuable and permanent improvements thereon of the reasonable value of $300; that he offered to pay plaintiff the purchase price, but she refused to accept it, because she had no water right which she could convey; that plaintiff never offered or tendered defendant a deed as agreed upon, but on April 4, 1905, made him a written offer to deliver a deed, whereupon he again verbally offered to pay the purchase price pursuant to the terms of the contract, but that plaintiff refused to accept the same, because she said there might be $30 or $40 costs; that defendant did not have the money with him at the time these offers were made and refused, but he could and would have produced it if plaintiff had accepted such offers. The jury found from the testimony that plaintiff was not entitled to the possession of the premises, but that defendant was entitled to the same by reason of the contract set out in the answer. The plaintiff thereupon moved for judgment in her favor notwithstanding the verdict, on the ground that the matter set up in the answer did not constitute a defense. This motion was overruled, and judgment entered on the verdict, from which she appeals, assigning as

error (1) the overruling of her motion for judgment, notwithstanding the verdict, and (2) the refusal to instruct the jury:

"In order for the vendee to make a good and valid tender of the purchase price, the money sufficient to meet such purchase price must be actually present; in other words, the vendee must have had the money actually present with him at the time and place he claims to have made such tender."

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. John Bruce Messick.*

For respondent there was a brief and an oral argument by *Mr. William Smith.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. The contention of the plaintiff is that under the facts set up in the answer the defendant's interest in the property in controversy is a mere equitable right and unavailing in an action at law. The well-established rule in this jurisdiction is that an equitable defense cannot be pleaded in an action at law, unless, perhaps, that right is given by B. & C. Comp. § 392, in actions to recover possession of real property—a question we need not now consider. An action of ejectment involves both the right of possession and the right of property. The plaintiff in such an action must recover, if at all, upon the strength of his own title. He must show not only that he has a legal estate in the property, but also a present right to the possession: B. & C. Comp. § 326. Any matter, therefore, which goes to disprove the fact of wrongful withholding is a legal defense, whether it shows the defendant's interest in the premises to be legal or equitable: Newell, Ejectment, 678; *Cofer* v. *Schening,* 98 Ala. 338 (13 South. 123). Thus, a mortgage in this State is a mere lien and does not convey the legal title, but possession of the mortgaged premises obtained by the mortgagee with the assent of the mortgagor is a good defense to an action of ejectment by the latter, so long as the mortgage debt remains unpaid: *Roberts* v. *Sutherlin,* 4 Or. 219; *Cooke* v. *Cooper,* 18 Or. 142 (22 Pac. 945, 7 L. R. A. 273, 17 Am. St. Rep. 709). In the federal

courts the common-law rule that the defendant cannot set up as a defense in an action matters purely cognizable in equity is adhered to, but facts which estop the plaintiff from claiming possession of the premises as against the defendant are held to be a good defense to an action of ejectment: *Kirk* v. *Hamilton,* 102 U. S. 68 (26 L. Ed. 79) ; *Killian* v. *Ebbinghaus,* 110 U. S. 568 (4 Sup. Ct. 232, 28 L. Ed. 246). Upon the same principle the rule seems established that a vendor of real estate cannot maintain an action of ejectment against a vendee in possession under an executory contract of sale who is not in default: Warvelle, Ejectment, § 146; *Prentice* v. *Wilson,* 14 Ill. 91; *Hutchinson* v. *Coonley,* 209 Ill. 437 (70 N. E. 686) ; *Whittier* v. *Stege,* 61 Cal. 238; *Crary* v. *Goodman,* 12 N. Y. 266 (64 Am. Dec. 506) ; *Bigler* v. *Baker,* 40 Neb. 325 (58 N. W. 1026, 24 L. R. A. 255). The answer, therefore, stated a good defense.

2. Error is also assigned on the refusal of the court to instruct the jury that the alleged tender or offer of performance by the defendant was unavailing, because he did not have the money actually present at the time. Under an executory contract for the sale of real estate, the vendor is the holder of the legal title as trustee for the vendee (*Burkhart* v. *Howard,* 14 Or. 39, 12 Pac. 79), and when the vendee has entered into possession under and in pursuance of the terms of the contract, the vendor cannot oust him so long as he is not in default; and when time is not made of the essence of the contract, he is not in default for failure to make the final payment until the vendor tenders a deed and demands such payment: *Knott* v. *Stephens,* 5 Or. 235; *Sayre* v. *Mohney,* 35 Or. 141 (56 Pac. 526). The question in this case, therefore, was whether the plaintiff, who is claiming a forfeiture of the contract, had herself performed, or tendered performance, and not whether the defendant had made a technical tender of the amount due. The delivery of the deed and the payment of the consideration were concurrent acts, and neither party could put the other in default without an offer to perform on his part: *Guthrie* v. *Thompson,* 1 Or. 353.

The judgment is therefore affirmed.        AFFIRMED.