Argued February 19, affirmed March 9, rehearing denied March 30, 1915.

## HIRSCH v. MAY.

(146 Pac. 831.)

**Pleading—Judgment on Pleadings—Statute.**

1. Where defendant answered admitting all the material allegations of the amended complaint with certain averments deemed sufficient to support equitable relief, and plaintiff tendered an issue at law upon the sufficiency of the answer together with a motion for judgment on the pleadings, the pleadings were completed, and the court might enter judgment thereon, within Section 79, L. O. L., providing that, when the pleadings are complete, the court may upon motion grant such judgment or decree as the moving party is entitled to thereon.

**Compromise and Settlement—Disputed Claim—Effect.**

2. Where plaintiff had claims against defendant the correctness of which was disputed and in settlement thereof they agreed upon a balance which the defendant promised to pay, such settlement constituted a new and valid agreement which was enforceable at law, unless set aside for fraud or mutual mistake; and a pleading that defendant relied on plaintiff's oral statement did not show a "mutual mistake" between the parties.

Action—Stay—Another Action Pending.

3. In an action for the amount due under a compromise and settlement, defendant's answer, not purporting to be a pleading, wherein he acted as plaintiff and being only a renewed attempt to get a detailed statement of accounts, which matter was decided against him on motion to make the complaint more definite and certain, was not a bill which should have been disposed of by decree on the equity side before judgment on the law side, within Section 390, L. O. L., providing that in an action at law where defendant is entitled to equitable relief he may with his answer file a complaint in equity in the nature of cross-bill staying the proceeding at law, which may be enjoined or allowed to proceed in accordance with the final decree.

> [As to when action is "pending," see note in Ann. Cas. 1914D, 1007.]

Action—Equitable Defenses.

4. An equitable defense cannot be interposed against an action at law.

From Multnomah: George N. Davis, Judge.

Department 1.　Statement by Mr. Justice Burnett.

This is an action by Sanford Hirsch against Emanuel May.

The amended complaint states:

"That heretofore the above-named plaintiff and defendant had mutual claims and accounts against each other, concerning which a dispute arose, and thereafter on or about the 1st day of April, 1913, in order to settle said dispute a balance was struck, at which time it was agreed that in settlement of all controversies and disputes between the plaintiff and defendant said balance was agreed upon, to be the sum of $530, which amount the plaintiff agreed to accept and the defendant agreed to pay to the plaintiff on demand; that demand has been made of the defendant for the payment of said sum of $530, and he has failed and neglected to pay the same or any part thereof, and the whole is now due and owing from the defendant to the plaintiff herein."

The pleading closes with a demand for judgment in the sum of $530 and for costs and disbursements. The defendant assailed this complaint by motion to make more definite and certain and by demurrer, both of

which were overruled. He then filed what is termed
in the abstract of record an answer and cross-bill in
equity, which stated, "Comes now the defendant, and
for answer to the amended complaint herein, pleads as
follows," admitting all the allegations of the complaint
except the legal conclusion that the balance named was
due and owing from the defendant to the plaintiff.

Further answering the amended complaint, the de-
fendant avers:

"That prior to April 1, 1913, the plaintiff claimed to
hold certain claims and accounts against this defendant,
as alleged in paragraph 1 of the amended complaint,
the correctness of which this defendant disputed; that
thereafter and about April 1, 1913, this defendant
orally agreed, as alleged in paragraph 1 of said
amended complaint, that, in settlement of all disputes
between defendant and plaintiff concerning the pur-
ported claims and accounts of plaintiff against defend-
ant aforementioned, there was a balance in favor of
the plaintiff of $530 which this defendant orally agreed
to pay; that the plaintiff never in any manner or at any
time gave or exhibited to defendant any counterpart or
statement of his alleged claims and accounts against
this defendant; but this defendant in agreeing to said
balance depended upon plaintiff's oral statement of his
alleged claims and accounts against this defendant;
that a palpable and substantial error was made by plain-
tiff, and inadvertently acquiesced in by defendant, in
the alleged claims and accounts of the plaintiff against
this defendant; and that the striking of the balance in
plaintiff's favor and the agreement thereto by this de-
fendant, as alleged in paragraph 1 of the amended com-
plaint was due to said error in the legitimate claims and
accounts claimed by plaintiff against this defendant, to
the detriment of this defendant, whereby and on ac-
count of which this defendant was induced to agree to
the striking of the balance alleged in paragraph 1 of
the amended complaint; that said error consisted of
unwarranted and illegitimate overcharges against this

defendant to the extent of, to wit, $500; and that, in order to secure a correction of the same, this defendant has repeatedly endeavored to secure from plaintiff a counterpart of the whole claims and accounts of plaintiff against this defendant as shown by the record herein."

The defendant's pleading continues in a recitation of his attacks above mentioned upon the amended complaint and the adverse rulings of the court upon them, and concludes with the allegation that he has no plain, speedy, adequate, or complete remedy at law. The substance of his prayer is that the proceedings at law be stayed, that the cause proceed as a suit in equity, that the proceedings at law be perpetually enjoined or allowed to continue according to the final decree to be made, that before the defendant be required to plead further the plaintiff furnish a complete itemized statement of the claims and accounts of the plaintiff against him, and for further relief.

The plaintiff filed simultaneously a motion to strike out the new matter, a demurrer to the answer, and a motion for judgment in his favor on the pleadings. Upon consideration of these motions and the demurrer, the court ended the whole matter by giving judgment on the pleadings in favor of the plaintiff and against the defendant for $530, together with the costs and disbursements of the action. The defendant appealed.

AFFIRMED.        REHEARING DENIED.

For appellant there was a brief and an oral argument by Mr. Julius Silverstone.

For respondent there was a brief with oral arguments by Mr. A. Walter Wolf and Mr. F. J. Lonergan.

MR. JUSTICE BURNETT delivered the opinion of the court.

1. It is provided in Section 79, L. O. L.:

"* * At any time when the pleadings in the suit or action are complete, or either party fails or declines to plead further, the court may, upon motion, grant to any party moving therefor, such judgment or decree as it may appear to the court the moving party is entitled to upon the pleadings."

The defendant had answered admitting all the material allegations of the amended complaint and had made certain averments which he deemed sufficient to support equitable relief. The plaintiff completed the pleadings by tendering an issue of law upon the sufficiency of the answer, at the same time moving for judgment on the pleadings. The whole case was thus submitted to the court, and it remains to determine whether the decision was correct.

2. The defendant himself avers that the plaintiff had claims against him, the correctness of which he disputed, and that in settlement thereof they agreed upon a balance which the plaintiff promised to pay. In *Smith* v. *Farra,* 21 Or. 395 (28 Pac. 241, 20 L. R. A. 115), this court decided thus:

"A settlement and compromise of a claim asserted on reasonable grounds and in good faith, which the parties, having equal knowledge of the facts, consider doubtful, constitute a new and valid agreement which will be enforced in law, although the matter compromised be not in fact doubtful in legal contemplation and the settlement be not what a court would have adjudged upon the facts of the case."

If the defendant would overturn this settlement, it must be either for fraud or for mutual mistake. It is not pretended that the plaintiff attempted to practice

any fraud whatever in the matter. Neither is it apparent from the pleading that the mistake in the settlement, if any was made was mutual between the parties, and this is essential if one of them would upset the agreement or settlement for mere error. The answer of new matter is fatally defective in both these respects and constitutes no obstacle to the judgment sought by the plaintiff, especially as the defendant admitted all the allegations of the complaint. Under the conditions disclosed by this record, it would have been idle to prolong the litigation further.

3. There is nothing in the proposition that the so-called cross-bill should have been disposed of by a decree of the court on the equity side and the litigation then determined by a judgment on the law side. Both law and equity are administered by the same tribunal, and, the result being correct under the pleadings, it would be the extreme of technicality to haggle about whether it should be called a decree in equity or judgment at law.

It is laid down in Section 390, L. O. L.:

"In an action at law, where the defendant is entitled to relief, arising out of facts requiring the interposition of a court of equity, and material to his defense, he may, upon filing his answer therein, also as plaintiff, file a complaint in equity, in the nature of a cross-bill, which shall stay the proceedings at law, and the case shall thereafter proceed as in a suit in equity, in which said proceedings may be perpetually enjoined by final decree, or allowed to proceed in accordance with such final decree."

The defendant's answer falls far short of the requirements of this section. It does not purport to be a pleading wherein the defendant here acts as a plaintiff. It is nothing else than a renewed attempt to get from the plaintiff a detailed statement of account, a question

which the defendant raised and which was decided against him on the motion to make the complaint more definite and certain.

4. In another aspect the pleader appears to have interposed an equitable defense against an action at law —something we have decided many times is not permissible: *Coles* v. *Meskimen,* 48 Or. 54 (85 Pac. 67); *Zeuske* v. *Zeuske,* 55 Or. 65 (103 Pac. 648, 105 Pac. 249, Ann. Cas. 1912A, 557); *Donart* v. *Stewart,* 63 Or. 76 (126 Pac. 608).

From whatever angle we view the question it is manifest that the defendant never left the law side of the court and failed to make a case in any respect cognizable in chancery or available at law. The decision of the Circuit Court is affirmed.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE MCBRIDE and MR. JUSTICE BENSON concur.