Argued September 12, affirmed September 19, 1917.

# DAVIS LUMBER CO. *v.* COATS LUMBER CO.

(167 Pac. 507.)

**Sales—Actions—Pleading—Performance.**

1. Where a contract for the sale of lumber provided for part payment in advance, and excused default resulting from accident, etc., plaintiff's complaint, which did not aver performance on its part, or readiness to perform, is insufficient to state a cause of action, particularly where defendant attempted to excuse its nonperformance on

the ground of accident beyond its control; for in an action on a contract containing mutually dependent covenants plaintiff must allege full performance, or readiness and ability to perform, on his part, before he can put defendant in default and claim damages.

**Sales—Performance—Complaint.**

2.  Where defendant by its answer sought to excuse nonperformance of a contract of sale, but did not repudiate it, the complaint, which failed to aver performance or readiness to perform by plaintiff, cannot be sustained on the theory that it was unnecessary for plaintiff to tender performance of a vain thing.

**Appeal and Error—Objections in Lower Court—Complaint—Sufficiency.**

3.  The objection that a complaint does not state facts sufficient to constitute a cause of action is never waived, and may be raised for the first time in the Supreme Court.

**Trial—Findings of Fact and Conclusions of Law—Necessity.**

4.  Where the complaint failed to state a cause of action, the court, under Section 79, L. O. L., declaring that, at any time when the pleadings are complete and either party fails or declines to plead further, judgment may be rendered on the pleadings, properly sustained defendant's motion for judgment without filing findings of fact or conclusions of law, despite Section 158, requiring that upon trial of an issue of fact by the court its decision shall be in writing and shall state the facts and conclusions of law separately.

From Tillamook: GEORGE R. BAGLEY, Judge.

Department 2.   Statement by MR. JUSTICE BURNETT.

After stating the corporate character of the parties the complaint avers that the plaintiff and defendant entered into a contract, a copy of which is attached to the complaint, whereby the former agreed to purchase from the latter who promised to deliver to the former a certain amount of spruce lumber within ninety days from the date of the order at a fixed price mentioned. All this is admitted by the answer. Further proceeding, the plaintiff charges an utter refusal and neglect on the part of the defendant to furnish or deliver any of the lumber specified by the contract within ninety days or at any time. The initiatory pleading shows that about that time the plaintiff, depending upon its stipulation with the defendant, contracted to deliver to

a third party this same lumber and by reason of the default of the defendant was compelled to respond in damages to the concern to whom the lumber was ultimately to be furnished. The contract relied upon is in the form of an order signed by the plaintiff and directed to the defendant. Treating of the terms of payment it contains this provision:

"Terms of order 90% advance less 2% discount, etc."

The defendant denies the breach of the agreement charged against it. Further defending, the answer sets out a provision of the contract in these words:

"It is understood that this order is to be shipped promptly after acceptance; car shortage, accidents or delays beyond your control to be considered as reasonable excuse for delaying shipment; but in such event we are to be fully and promptly notified."

After stating this provision of the contract, the defendant avers in substance that, as the plaintiff well knew, the only source of supply which the defendant had for logs from which to manufacture lumber was from a boom company, and that the sole means of getting the logs was by floating them down a small stream into the Tillamook River, and thence to the defendant's mill at Tillamook City; that in order to make the small stream available for the purpose it was necessary to construct dams thereon without which it could not be used for the purpose, but that, without the fault of anyone, high water washed out one of the dams making it impossible for the logs to be delivered or for plaintiff entirely to fulfill the order, of all of which the plaintiff was promptly notified; that it was contemplated by the parties that the lumber should be manufactured at the defendant's mill in the usual course of business.

This is traversed by the reply.  At a hearing the court entered a judgment in these words after a recital of the appearances:

"The court being fully advised in the premises does sustain defendant's motion for a judgment in its favor, there being no pleading or proof of plaintiff's ability or willingness to perform the contract sued on.  It is by the court ordered and adjudged that plaintiff take nothing by this action, and the defendant have and recover of and from the plaintiff, its costs and disbursements herein taxed."

The plaintiff appeals.                            AFFIRMED.

For appellant there was a brief over the name of *Messrs. Clark, Geneste & Harrison,* with an oral argument by *Mr. Virgil E. Clark.*

For respondent there was a brief and an oral argument by *Mr. H. T. Botts.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. There is no bill of exceptions in the record.  The contention of the plaintiff is that the judgment is void because there were no findings of fact or conclusions of law.  It is true that Section 158, L. O. L., requires that:

"Upon the trial of an issue of fact by the court, its decision shall be given in writing, and filed with the clerk during the term or within twenty days thereafter. The decision shall state the facts found, and the conclusions of law separately, without argument or reason therefor. * * "

The section is applicable to a trial of an issue of fact and not where a mere issue of law is involved.  It is said in Section 79, L. O. L.:

" * * and at any time when the pleadings in the suit or action are complete, or either party fails or declines to plead further, the court may, upon motion, grant to any party moving therefor, such judgment or decree as it may appear to the court the moving party is entitled to upon the pleadings."

The order of the court here in question recites that there is no pleading of plaintiff's ability or willingness to perform the contract sued upon. In the absence of a bill of exceptions and there being no findings of fact or conclusions of law within the meaning of Section 158, L. O. L., the question presented is whether the complaint states facts sufficient to constitute a cause of action. The contract involved is one prescribing what is to be done by the plaintiff and what by the defendant. These are at least concurrent covenants. Indeed, referring to the phrase already quoted, "Terms of Order, 90% advance," if it were necessary, it might well be decided that this was a condition precedent, so that the plaintiff would be compelled to pay 90% of the purchase price in advance of delivery of the lumber. Waiving this and considering the matter as one of mutual dependent covenants, however, it frequently has been held that in declaring upon such a contract the plaintiff must allege full performance or readiness and ability to perform on his part before he can put the defendant in default and claim damages as for a breach of the stipulation: *Catlin* v. *Jones,* 48 Or. 158 (85 Pac. 515) ; *Longfellow* v. *Huffman,* 49 Or. 486 (90 Pac. 907) ; *Mann* v. *Flynn,* 62 Or. 465 (125 Pac. 274). The complaint is utterly silent on this subject and does not anywhere state or attempt to state either performance by the plaintiff or its readiness or ability to comply with the stipulation on its part. It is not an instance of a lame statement of a wholly good cause

of action.   The complaint is utterly mute in this essential particular.

The answer of the defendant does not indicate any repudiation of its agreement.   It pleads an excuse for not performing and shows that it is yet within the pale of its covenant and has not broken it.   The right to delay under the circumstances is as much a part of the contract as any other feature of it.   This takes the case out of the doctrine announced in *Catlin* v. *Jones,* 48 Or. 158 (85 Pac. 515); to the effect that although the complaint is defective, yet if the matter in respect to which it is wanting is put in issue by the answer and reply the imperfection is cured.   In that case the complaint was faulty in that it did not allege the readiness and ability of the plaintiff to perform, but the answer charged a breach of the contract by the plaintiff in this very respect, which was in turn challenged by the reply.   The matter was therefore properly before the court for determination and the decision was put upon a proper basis and rightly rendered.   Here, however, the defect in the complaint is not aided by the answer.

2. Neither is the case within the teaching of *Livesley* v. *Krebs Hop Co.,* 57 Or. 352, 367 (107 Pac. 460, 112 Pac. 1), to the effect that where the defendant has repudiated the contract it is not necessary for the plaintiff to tender performance as that would be a vain thing.   As already indicated, the defendant here is not in the position of renouncing the contract or refusing to perform.   The answer only avers a stipulated excuse for not delivering the lumber and is in accordance with the covenant rather than in breach thereof.

3, 4. The objection that the complaint does not state facts sufficient to constitute a cause of action is never

waived and may be raised even for the first time in the Supreme Court: *Mack* v. *City of Salem,* 6 Or. 275; *Wyatt* v. *Henderson,* 31 Or. 48 (48 Pac. 790); *Robinson* v. *Holmes,* 57 Or. 5 (109 Pac. 754); *Whitney Co.* v. *Smith,* 63 Or. 187 (126 Pac. 1000). The ruling of the court is justified by the provisions of Section 79, L. O. L., as a question of judgment on the pleadings involving merely an issue of law. For this reason it was not necessary to make findings of fact or conclusions of law, because no question of fact was involved. It is purely a question of pleading, hence the judgment must be affirmed.        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCCAMANT concur.