Argued July 2, affirmed September 23, 1924.

# R. J. OWEN AND SARAH E. OWEN *v.* R. E. LEBER ET AL.

(228 Pac. 927.)

**Contracts—One Bound by Contract cannot Escape It, Except by Impeaching It or Showing Grounds for Setting Aside.**

1. One having bound himself by contract cannot escape its obligations, except he be able to impeach it or show circumstances recognized as grounds for setting it aside.

**Cancellation of Instruments—Averment of Fraud Relied on as Grounds for Cancellation for Contract is Essential.**

2. In action to cancel contract on grounds of fraud, an averment of fraud is essential.

**Contracts—Breach of Contract must be Specifically Pleaded, and Conclusion is Insufficient.**

3. Where claim for damages is predicated on breach of contract, such breach must be specifically pleaded, and mere conclusion that contract has been broken is insufficient.

**Appeal and Error—Trial—Findings of Fact Neither Required nor Proper, Though Where Judgment Rendered on Pleadings but are Harmless.**

4. Where judgment is rendered on pleadings, findings of fact, under Section 158, Or. L., are neither required nor proper, when made, harmless error.

Pleading—Rendition of Judgment on Pleadings Proper Under Statute.

5.  Under Section 79, Or. L., except where an issue of fact be raised, it is within power of court to render judgment on pleadings when warranted.

From Lane: G. F. Skipworth, Judge.

Department 2.

This is an appeal from a decree entered upon the pleadings, wherein it is adjudged and decreed that defendant R. E. Leber is the sole owner of a sawmill and milling plant situate on certain premises in Lane County, Oregon; that a certain written instrument designated a warranty deed, executed by plaintiff B. J. Owen, as grantor, to the Leber Lumber Company, as grantee, purporting to convey all the timber situate on the premises described therein, recorded in the office of the county clerk of Lane County, Oregon, in Deed Book 115, page 574, and a second written instrument designated a quitclaim deed, executed by plaintiffs B. J. Owen and Sarah E. Owen, as grantors, to the Leber Lumber Company, as grantee, purporting to convey all the timber situate on the tract of land described therein, recorded in the office of the county clerk of Lane County, Oregon, in Deed Book 121, page 81, be canceled of record. The court further decreed that the contract of sale of the timber upon the lands and the lease of the land where the mill and plant are situate be and remain in full force and effect, and that R. E. Leber have and recover of the plaintiffs his costs and disbursements.

Affirmed.

For appellants there was a brief and oral argument by *Mr. Howard M. Brownell.*

For respondent R. E. Leber there was a brief and oral argument by *Mr. Charles M. Stevens.*

BROWN, J.—In plaintiffs' statement of their case, they say that this suit is brought for the purpose of seeking relief as follows: The cancellation of two certain deeds; the cancellation of a contract for the sale and purchase of timber; the recovery of $500 damages for the breach of their timber contract; the exclusion of all right of Edgar Hannan under the above-mentioned deeds and contract, and the recovery of costs and disbursements of this suit.

Under the court's decree, the plaintiffs secured, in part, the relief sought by them. The deeds conveying to R. E. Leber the timber upon certain lands were canceled, but, the plaintiffs having failed to aver sufficient facts upon which to base a decree of cancellation of the timber contract, the court denied their prayer for cancellation and refused to find that plaintiffs were entitled to damages in the sum of $500, or in any other sum, for the breach thereof.

It appears from the pleadings that Edgar Hannan has no real or apparent right or interest accruing under the deeds of conveyance or the timber contract, and, prior to the rendition of the decree, the court sustained a demurrer to the complaint as to defendant Hannan.

1. So far as appears from the pleadings, Leber and the plaintiffs made and executed the timber contract in good faith and for value.

"One who has bound himself by a contract cannot relieve himself from its obligations, against the will of the other party, unless he is able to impeach the contract and claim a release from it by showing circumstances recognized at law or in equity as proper

grounds for setting it aside." 2 Black on Rescission and Cancellation, § 558.

To the same effect, see *Lachmund* v. *Lope Sing,* 54 Or. 106 (102 Pac. 598); *Dunlap* v. *Lewis,* 64 Or. 482 (130 Pac. 973).

2. Whenever a party undertakes by suit to cancel his contract on the ground of fraud, fraud is a fundamental averment.

"The acts of fraud must be specifically set out, and the allegations of fraud must be direct and positive; and the rule is uniformly declared and applied that the particulars of the misrepresentations and fraud must be distinctly alleged, and that general charges of fraud and illegality, without stating the facts upon which the charges are based, are insufficient." 18 Ency. Plead. & Prac. 810.

The plaintiff not only failed to allege the grounds for the cancellation of the timber contract, but likewise failed to aver facts constituting a breach thereof.

3. The plaintiffs seek to recover $500 from the defendant, Leber on account of the breach of their timber contract.

It is well-established law that when a claim for damages is predicated upon the breach of a contract, it is mandatory upon the pleader to assign such breach by proper averment before he can recover damages from the defendant.

"There can be no recovery unless plaintiff sets forth a breach by defendant of the contract in suit. It is not enough to show a right of action against defendant that the promises or covenants of the respective parties are fully set out, with the averment of performance on the part of plaintiff; plaintiff is bound to go further, and in due form to assign such breaches of defendant's promises or covenants as are relied on as grounds for a recovery of damages. And

it follows that there can be no recovery on a breach not assigned by plaintiff." 13 C. J. 731, 732.

This is not an instance of pleading a breach of covenant in uncertain and defective terms, but that of an entire failure to state a breach.

"A mere conclusion of the pleader that the contract has been broken is insufficient. The same certainty is not required in assigning the breach of a contract as in setting forth its terms; all that is required is that the breach complained of be substantially set forth." 13 C. J. 732.

The defendant Leber moved the court for a judgment on the pleadings. The motion does not disclose for whom the defendant desired judgment entered. However that may be, the court rendered its decree in favor of defendant Leber.

4. The plaintiffs say the court erred in making certain findings of fact. It is true that the court made findings of fact and conclusions of law in accordance with the provisions of Oregon Laws, Section 158. This was error, but harmless.

When the court renders judgment on the pleadings, findings of fact are neither required nor proper: *Davis Lumber Co.* v. *Coats Lumber Co.,* 85 Or. 542 (167 Pac. 507); *Taylor* v. *Palmer,* 31 Cal. 240; *Eaton* v. *Wells,* 82 N. Y. 576; *State ex rel. Lowe* v. *Barlow,* 129 Minn. 181 (151 N. W. 970); 14 Standard Proc. 955.

In *Columbia River Co.* v. *Smith,* 83 Or. 137 (162 Pac. 831, 163 Pac. 309), Mr. Justice BURNETT, in speaking for the court, wrote:

"The findings of fact in the instant case were wholly superfluous, but do not constitute harmful error or vitiate the decree in any manner."

5. Plaintiffs challenge the right of the court to render judgment upon the pleadings.

We read in Section 79, Oregon Laws, that—

" * * At any time when the pleadings in the suit or action are complete, or either party fails or declines to plead further, the court may, upon motion, grant to any party moving therefor, such judgment or decree as it may appear to the court the moving party is entitled to upon the pleadings."

Of course a judgment will not be rendered on the pleadings where they present an issue of fact: *Willis* v. *Holmes,* 28 Or. 265 (42 Pac. 989).

The practice of rendering judgment in a proper case was followed in the early case of *Heatherly* v. *Hadley,* 2 Or. 269. It has been held that the power to render a judgment on the pleadings, when warranted thereby, inheres in every court of record: *Stratton's Independence* v. *Dines,* 126 Fed. 968; *Hancock* v. *Luke,* 46 Utah, 26 (148 Pac. 452).

However, the plaintiffs rest their contention upon the following language used by Mr. Justice THAYER in *Bowles* v. *Doble,* 11 Or. 474 (5 Pac. 918), decided prior to the amendment of section 79 in 1893:

"A party to an action will, necessarily, when it comes on for trial, be entitled to any advantage in his favor in consequence of defects in his adversary's pleading, but there is no such procedure, *eo nomine,* as a motion for judgment on the pleadings. The objection to such a practice is, that it is not in harmony with the spirit of the code. Its tendency is to deprive a party of a substantial right by a mere defect in his pleading that could be cured by an amendment, and which should never be permitted by a court at *nisi prius.* We can imagine no more serious abuse of justice than the toleration of a kind of technical sharp practice that sacrifices substance to form."

See, also, *Currie* v. *Southern Pacific Co.,* 23 Or. 400 (31 Pac. 963).

By the amendment of Section 79 in 1893, the power of rendering a judgment upon the pleadings in a proper case is settled beyond peradventure. Note the language of the statute designated Section 79, Oregon Laws, above quoted.

The general rule is thus stated:

"A motion for judgment on the pleadings is a proper method of testing and taking advantage of the insufficiency of the pleadings of the parties to an action. Thus, it is proper for a defendant to move for judgment on the pleadings when the complaint does not state facts sufficient to constitute a cause of action * * . Likewise, the plaintiff is entitled to judgment on the pleadings when the answer is insufficient to raise a material issue; provided, of course, that the complaint states a cause of action." 14 Standard Proc. 929.

See *Hirsch* v. *May,* 75 Or. 403 (146 Pac. 831); *Davis Lumber Co.* v. *Coats Lumber Co., supra.*

Both the plaintiffs and the defendants averred the ownership of the milling plant to be in Leber. The court followed the pleadings in its decree. The lower court did not determine, nor do we attempt to adjudge, whether any sum of money is due B. J. Owen for material supplied to Leber for use in and about the construction of his mill.

This case is affirmed, without costs in this court to either party.                              AFFIRMED.

McBRIDE, C. J., and BEAN, J., concur.