Submitted on briefs October 24; affirmed November 12, 1930.

## CLARK *v.* ADNEY ET AL.
(292 P. 1039)

*Howard M. Brownell* of Eugene for appellant.
*Gordon S. Wells* and *Alta King,* both of Eugene, for respondent.

BROWN, J. ■ The defendant assigns error of the court in giving judgment on the pleadings, on the ground that the complaint failed to state facts sufficient to constitute a cause of action against an indorser of a promissory note. As to the sufficiency of the complaint, no objection was made in the lower court. In the opinion of the writer, if the averments of a complaint are not sufficiently certain and specific it is the duty of the defendant to move against the pleading in the lower court. And, while this question may be raised in this court for the first time, when so raised every reasonable inference or intendment should be invoked to support the complaint. See *Dippold v. Cathlamet Timber Co.*, 98 Or. 183 (193 P. 909), where we wrote:

"We recognize the rule that when a complaint reaches this court without having been demurred to

or moved against in any way, every reasonable inference or intendment should be invoked to support it [citing many cases]."

The defendant has cited *Case v. McKinnis,* 107 Or. 223 (213 P. 422, 32 A. L. R. 167). We agree with the doctrine therein announced, and the proceedings in the cause at issue are in harmony therewith.

■ Based upon the averments of the complaint in this case, and the admissions by the answering defendant, the trial court was authorized to enter judgment in favor of the plaintiff. As to the power of the court to render judgment upon the pleadings, see *Willis v. Holmes,* 28 Or. 265 (42 P. 989) ; *Hirsch v. May,* 75 Or. 403 (146 P. 831); *Owen v. Leber,* 112 Or. 136 (228 P. 927).

This case is affirmed.