

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Dr. W. A. Davis
State Registrar
Texas State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-4854
Re: Under the facts submitted does
the State Registrar have the
authority to remove from the
records the erroneous certifi-
cate of birth as ordered by
the Dallas County Court?

You have submitted for our opinion the above ques-
tion, which arises in connection with the birth record of
Miss Jean Finlay, whose original birth certificate was filed
May 26, 1927, and signed by Mrs. Lilian B. English, who was
the midwife at the birth. You enclose a photostatic copy of
the original birth certificate, a certified copy of an order
of Honorable George W. Harwood, County Judge of Dallas County,
for the correction of the birth certificate, and a photostatic
copy of a delayed certificate of the birth of the said Jean
Finley. The order of Judge Harwood states:

"IT IS THEREFORE ORDERED, ADJUDGED AND DE-
CREED by the Court, that the Officers of the Texas
Department of Health, Bureau of Vital Statistics,
Austin, Texas, and the Officers of the Bureau of
Vital Statistics of the City of Dallas, Dallas
County, Texas, the Local Registrar thereof, are
hereby authorized and directed to remove from the
records the erroneous birth certificate showing
the date of the birth of the said minor, JEAN FIN-
LEY, to be May 21st, 1927, and to enter a correct
record of said birth showing same to be the cor-
rect date thereof, to wit, May 21st, 1926."

The only substantial difference between the facts
shown by the original birth certificate and those shown by
the delayed certificate is that, whereas the former shows the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Dr. W. A. Davis, Page 2

date of birth to have been May 21, 1927, the latter shows it
as May 21, 1926. The delayed certificate is sworn to by the
midwife, Mrs. Lillian B. English, and another witness, and
was evidently prepared in contemplation of Judge Harwood's
order.

Rule 51a of Article 4477, V. R. C. S. 1925, cited
by you, provides in part:

". . . that no certificate of birth or death,
after its acceptance for registration by the local
registrar, and no other record made in pursuance
of this Act shall be altered or changed in any re-
spect otherwise than by the amendments properly
dated, signed, and witnessed. The State Registrar
shall further arrange, bind, and permanently pre-
serve the certificates in a systematic manner, and
shall prepare and maintain a comprehensive index
of all births and deaths registered; said index to
be arranged alphabetically, in the case of deaths,
by the name of decedents, and in the case of births,
by the names of fathers and mothers. . . ."

The sentence last quoted evidences the intention of
the Legislature that birth and death certificates filed by
the State Registrar should not be thereafter removed or de-
stroyed, but should be "permanently preserved". But the pre-
ceding sentence provides an exclusive method of amending the
original record to make it speak the truth.

"'Amendment' means the act of freeing from faults,
the act of making better or changing for the better, correc-
tion; improvement; reformation." Couch v. Southern Methodist
University (Dallas Court of Civil Appeals), 290 S. W. 256,
260. "The term 'amendment' implies such an addition or change
within the lines of the original instrument as will effect an
improvement or better carry out the purposes for which it was
framed." Livermore v. Waite (Cal.) 36 P. 424, 426; Ex parte
Woo Jan, 228 F. 927, 941. The delayed certificate of birth
submitted for filing, taken together with the order of Judge
Harwood, constitutes a valid amendment within the meaning of
Rule 51a of Article 4477, supra.

It is therefore our opinion that the original birth
record of Jean Finley should not be removed or destroyed, but
that it should be corrected to show the true date of birth,

Dr. W. A. Davis, Page 3

May 21, 1926; and that the delayed certificate of birth, together with the certified copy of Judge Harwood's order, should be filed as an amendment to the original instrument.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. R. Allen

W. R. Allen
Assistant

WRA:mp

OCT 15, 1942

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN