Argued and submitted December 11, 1992, affirmed December 22, 1993

YEON STREET PARTNERS,
an Oregon general partnership,
*Respondent,*

*v.*

ENVIRONMENTAL CONSULTING
SERVICES, INC.,
an Oregon corporation, dba ECS, Inc.,
*Appellant.*

(9012-07746; CA A69954)

865 P2d 1325

William H. Walters argued the cause for appellant. With him on the briefs were William B. Crow, Pamela J. Stendahl and Miller, Nash, Wiener, Hager & Carlsen.

Jacob Tanzer argued the cause for respondent. On the brief were Mark L. Cushing, Phillip E. Joseph and Ball, Janik & Novack.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

## De MUNIZ, J.

Defendant appeals from a judgment for plaintiff on an action for specific performance of an oral agreement to vacate commercial office space. We review *de novo*, ORS 19.125(3); *Genest v. John Glenn Corp.*, 298 Or 723, 725 n 2, 696 P2d 1058 (1985), and affirm.

Defendant was a tenant in a commercial office building that plaintiff wanted to purchase. In May, 1990, plaintiff met with defendant to ask whether it would be willing to move. Defendant responded that it would be and that it wanted more warehouse space. In October, before plaintiff purchased the building, it visited defendant and explained that it intended to purchase the building and lease much of the space to Coast Distributors. Plaintiff told defendant that, because Coast Distributors would require the space that defendant was occupying, plaintiff could not execute a lease with Coast Distributors unless defendant agreed to move out within five weeks, but no later than November 18th. During their brief meeting, plaintiff orally offered to pay defendant's "reasonable" moving expenses and to move defendant to "equal space of not more than equal rent." Defendant replied that it would "cooperate" with plaintiff. The parties did not discuss the nature of the expenses or their dollar amounts, and they disagree on whether defendant agreed to vacate within the deadline.

Plaintiff purchased the building and leased 123,000 square feet of it, for $42,000 per month, to Coast Distributors. Shortly after their initial meeting, plaintiff showed defendant alternative spaces. Plaintiff also offered to relocate defendant within the same building. Defendant did not find alternative space and expressed an interest in purchasing a building into which it could move immediately; however, that did not prove possible. When defendant refused to move, plaintiff filed a complaint for specific performance and sought an injunction requiring defendant to vacate the building.

After a hearing, the trial court issued an injunction that required defendant to vacate the building by January 15, 1991, and required plaintiff to provide alternative space, at least equivalent in size and quality to defendant's current space and at no higher rent. The court also required plaintiff

to reimburse defendant for its actual moving costs. Defendant refused to vacate. In May, the court entered a judgment granting specific performance in favor of plaintiff. Defendant vacated the office space.

■ Defendant first contends that the trial court erred in granting specific performance, because there was insufficient evidence to find that the parties entered into an oral agreement. It is undisputed that plaintiff offered to pay for the move to alternative space of at least equal size and at no more than the same rent. It is also undisputed that defendant had indicated that it was willing to move, had not placed conditions on its continued willingness to cooperate, and had participated with plaintiff's relocation search. On *de novo* review, we agree with the trial court that the evidence shows an agreement between the parties.

■ Defendant next argues that, even if there was an agreement, its terms were not sufficiently definite to allow specific performance. Defendant asserts that specific performance is appropriate only if the terms of an agreement are so definite that a court can frame a judgment to compel performance. *Genest v. John Glenn Corp., supra,* 298 Or at 744. Defendant contends that, during the October meeting with plaintiff, the parties did not settle on a deadline for defendant to move out, the moving costs were not itemized, and the parties did not define the term "equivalent office space." Therefore, defendant argues, the terms were too indefinite for the court to specifically enforce the agreement.

We agree with plaintiff that, under the circumstances here, the court could require specific performance. There was evidence that defendant knew in October that plaintiff needed defendant to move by November 18 and that defendant did not object. Defendant never claimed that it had any special needs that would preclude or restrict it from finding "equivalent" office space. The parties also agreed to a "reasonable" price for moving costs. The term "reasonable" is not so indefinite as to prevent an agreement from being enforceable, *see Adair Homes v. Jarrell,* 59 Or App 80, 84, 650 P2d 180 (1982), and we agree with the trial court that, under these facts, the actual moving costs are "reasonable."

■ ■ We also agree with plaintiff that, even if the agreement concerning moving costs was indefinite, the court could order specific performance to effect the parties' intent. The essence of the agreement was that defendant agreed to vacate and that plaintiff would relocate defendant to comparable space. The conduct of the parties in looking for alternative space demonstrates that they intended the relocation to take place. When the conduct or expressions of parties to an agreement indicate a sufficient intent to make a contract, a court has latitude to fill in the gaps and, by its decree of specific performance, to formulate subordinate details of the agreement. *Howard v. Thomas*, 270 Or 6, 13, 526 P2d 552 (1974). The court did not err in doing that here.

■ Defendant next argues that the agreement was an oral modification of the terms of the lease and is unenforceable because defendant's lease contained a provision that "any waivers [of the terms of the lease] shall be in writing." Plaintiff counters that there was no oral modification of the lease because, on the day plaintiff and defendant reached the agreement, plaintiff was not a party to that lease. We agree. When defendant agreed to move, plaintiff had not yet purchased the building and was not defendant's landlord. Their agreement was not an oral modification of the lease.[1]

Finally, defendant contends that the court erred in granting specific performance, because plaintiff had an array of legal remedies, including an action in ejectment, a forcible entry and detainer action or a claim for money damages on the basis of a breach of the alleged oral contract. *See Wilson v. Parent*, 228 Or 354, 369-70, 365 P2d 72 (1961). We disagree.

■ An action in ejectment was not available to plaintiff, because defendant had not defaulted on the lease. *See Coles v. Meskimen*, 48 Or 54, 56-57, 85 P 67 (1906). Likewise, a forcible entry and detainer action was not available to plaintiff, because defendant was not unlawfully holding its space in the building by force. ORS 105.115(1). Finally, money damages for breach of the oral agreement would be difficult to calculate, because the potential harm caused by defendant's

---

[1] Because the agreement was not an oral modification of a lease, we also reject defendant's contention that the agreement is void under the Statute of Frauds. *See* ORS 41.580(1)(e).

breach would be substantial and widespread. For example, plaintiff faced potential liability to Coast Distributors for breach of their lease agreement. Unless it could locate a new tenant with similar large-space needs, plaintiff would lose the nearly $500,000 projected yearly revenue from the lease with Coast Distributors. That, in turn, could cause loss of its investment in the building.

■ ■ Additionally, denying equitable relief would cause severe harm to plaintiff, but not to defendant. Courts of equity may examine the effect of granting or denying equitable relief. *Public Market Co. v. Portland*, 160 Or 155, 167, 83 P2d 440 (1938). As mentioned above, without Coast Distributors, its largest tenant, plaintiff could lose its investment in the building. On the other hand, defendant had no unique needs associated with tenancy in that building. It was to be relocated to equivalent space and fully compensated for the move. The trial court correctly determined that the legal remedies were inadequate.

Affirmed.